## 77737. ORR v. THE STATE.
(375 SE2d 669)

DEEN, Presiding Judge.

Appellant Orr and a co-defendant were found by police officers in a wooded area less than 100 feet from a house where a burglar alarm had sounded only minutes earlier. Nothing appeared to be missing from the house, but the front door had been kicked in and the rooms ransacked.

The co-defendant admitted that he and Orr had burglarized the house; Orr, however, denied that he had had any part in the affair

and essentially averred (although in several mutually inconsistent statements) that he had merely happened to accompany the co-defendant to the area but had himself been en route to a nearby hardware store, and also that he was taking some gold chains to pawn. No chains were found in his possession.

A Floyd County jury found Orr guilty, and, after denial of his motion for new trial, he was granted an out-of-time appeal. He enumerates as error (1) the prosecution's impermissibly striking black jurors on the basis of race alone; (2) the finding of "guilty" on the sole basis of co-defendant's testimony; and (3) the court's failure to declare a mistrial when a juror stated that her own verdict had been "not guilty." *Held*:

1. The record shows that of the forty-two potential jurors impaneled for voir dire, three were black. One of these three was selected as a juror, and two were struck by the State. When challenged on the ground of the holding in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the prosecutor stated that he had struck one venireman because of her similarity in age to the 24-year-old black defendant and the other because she had a criminal record. The trial court determined that, even with the aid of the legal presumption favoring a finding of discrimination in the exercise of peremptory challenges, the defendant had produced no evidence of racial discrimination beyond the bare fact that two blacks had been struck; and that he had therefore failed to carry his burden of proving that there had been purposeful discrimination against the defendant through manipulation of the venire. *Batson*, supra at 1722, 1723. Moreover, the record reveals that defense counsel did not cross-examine the prosecuting attorney. *Batson*, supra; *Powell v. State*, 187 Ga. App. 878 (372 SE2d 234) (1988). This enumeration is without merit.

2. Appellant's allegation concerning the impropriety of basing a conviction solely on the testimony of a co-defendant is also without merit. The trial transcript reveals that the conviction was based upon an abundance of evidence other than that provided by the co-defendant. The testimony of investigating officers and of the owner of the burglarized house was consistent with the findings at the scene of the crime, and the testimony of each of these witnesses was also consistent with the testimony of the others, as well as with that of the co-defendant. Moreover, Orr's own testimony was filled with inconsistencies as to why he was where he was when discovered by investigating officers, and where he had been previously. Additionally, as noted supra, the gold chains he was ostensibly en route to pawn were never found; nor did he offer a satisfactory explanation for why he had "changed his mind" and "returned to" the scene of the burglary.

3. Appellant's third assignment of error does not accurately represent the situation to which it refers. During the routine polling of

the jury which followed publication of the verdict, one juror replied "No" to the question, "Was that your verdict?" The court ordered the jurors back to the jury room, but the juror who had said "No" interrupted to say, "But we changed, I mean, we've—we've gone through it so many times." The court then asked, "Well, the question to you is this, was the verdict that was published your verdict?" The juror replied, "That was, yes, sir." The court then asked, "Is that now your verdict?", and the juror answered "Yes," whereupon the court made a few explanatory remarks to those present in the courtroom and resumed normal proceedings. This enumeration is patently without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur specially.*

SOGNIER, Judge, concurring specially.

I concur in the judgment of the majority. I write specially to amplify my reasons for concurring in the majority's rejection of appellant's enumeration of error concerning corroboration.

The fact that the testimony of police officers and others was consistent with that of the co-defendant as to the details of the break-in is not sufficient. A distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused. *West v. State*, 232 Ga. 861, 865 (209 SE2d 195) (1974). "Accordingly, under [OCGA § 24-4-8], evidence must be presented at trial which corroborates the accomplice's testimony both as to the history of the felony and as to the identification of the accused as a participant in the crime, and, as regards the latter corroboration, the evidence must originate from an independent source." *Mulligan v. State*, 245 Ga. 266, 269 (264 SE2d 204) (1980).

In this case, much of the corroborative evidence went to the truth of the accomplice's general testimony. There was *some* other evidence, however, corroborating the accomplice's testimony that appellant participated in the commission of the crime. Police officers testified that appellant was found on the victim's property shortly after the break-in occurred. In addition, appellant testified that he was in that location because he was on his way to pawn some gold chains, but no gold chains were found on his person. The issue presented in appellant's enumeration is whether that is sufficient corroboration of the accomplice's testimony implicating him.

In reviewing the question of whether sufficient corroboration exists of an accomplice's testimony implicating the accused, it is not necessary that the corroborative evidence itself be sufficient to warrant a verdict. Further, conduct on the part of the accused may act to corroborate the testimony of the accomplice. *Drake v. State*, 241 Ga. 583 (247 SE2d 57) (1978). In *Birt v. State*, 236 Ga. 815 (225 SE2d

248) (1976), evidence that the accused was seen in a disabled vehicle 12 miles from the scene of the crime and about 100 miles from his home was sufficient corroboration of accomplice's testimony. In that case, "[appellant's own] testimony seeking to explain the evidence of corroboration [why he was there] could not dispel that evidence; it merely made a question for the jury to decide. [Cit.]" Id. at 826. " 'The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. [Cit.]' [Cit.] Contrary to appellant's assertions, '[t]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. [Cit.]' [Cit.]" *Berry v. State*, 248 Ga. 430, 432 (283 SE2d 888) (1981).

I find the evidence in this record implicating appellant sufficient, although slight, to corroborate the accomplice's testimony.

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED NOVEMBER 22, 1988.

*Floyd H. Farless*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.