S92A1297. BROWN v. THE STATE.

(425 SE2d 856)

Benham, Justice.

This appeal is from appellant's convictions for malice murder, aggravated assault, and simple assault.[1]

1. The testimony adduced at trial established the following facts. On the date of the crimes, a man armed with a pistol[2] entered a bank in Montezuma, Georgia, fatally shot a teller, left the bank briefly, then returned. Upon his return, the robber forced another teller at gunpoint to give him the money from several teller drawers. A third teller, the victim of the simple assault, feared for her life and took refuge under a desk when the robber shot the first teller, remaining there throughout the robbery. The robber left the bank, taking with him money which included bait money, the serial numbers of which had been recorded. Some of that bait money and a weapon identified as that which fired the fatal shot were recovered from appellant's possession during the execution of several search warrants. Photographs taken from videotape produced by surveillance cameras in the bank were published in the local newspaper, resulting in the identification of appellant by several of his co-workers. In addition, a police officer who had known appellant for 25 years and had previously arrested him for armed robbery, identified appellant from the surveillance photographs.

---

[1] The offenses were committed on August 6, 1990, and appellant was arrested on August 8, 1990. Upon an indictment handed down on November 12, 1990, charging appellant with malice murder, felony murder, and two counts of aggravated assault, trial was commenced on February 28, 1992, and concluded on March 2, 1992, with a jury verdict finding appellant guilty of malice murder, felony murder, aggravated assault, and simple assault. Appellant was sentenced to life imprisonment for malice murder, twenty years imprisonment for aggravated assault, and twelve months imprisonment for simple assault, the latter two sentences to run consecutively to the first. Following the filing of a notice of appeal on March 13, 1992, this appeal was docketed in this court on July 22, 1992, and was submitted for decision on September 4, 1992.

[2] The weapon used was a Smith & Wesson .357 magnum revolver.

On appeal, appellant contends that his conviction for malice murder was not supported by the evidence because there was no evidence of malice. We disagree: evidence that appellant shot the murder victim immediately upon his entry to the bank, without provocation of any kind, and then returned to the bank and conducted a robbery while the victim lay alive but bleeding, even forcing another teller to step over the wounded teller's body to get money from a drawer, was sufficient to authorize a rational trier of fact to find the implied malice necessary to convict appellant of malice murder. *Chester v. State*, 262 Ga. 85 (1) (414 SE2d 477) (1992). Furthermore, we find the evidence as a whole sufficient to authorize a rational trier of fact to find appellant guilty of all the offenses with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In several enumerations of error, appellant complains of the denial of his motion to suppress physical evidence seized in searches of his home and car conducted pursuant to warrants.

(a) Appellant's complaint that the searches were tainted by an unlawful arrest is based on his assertion that his warrantless detention for 35 minutes prior to the execution of several search warrants was an illegal arrest. We disagree.

> A "warrantless arrest" is constitutionally valid if at the time of the arrest the arresting officer has probable cause to believe the accused has committed or is committing an offense. [Cits.] Probable cause exists if the arresting officer has knowledge and reasonably trustworthy information about facts and circumstances sufficient for a prudent person to believe the accused has committed an offense. [Cit.] [*Johnson v. State*, 258 Ga. 506 (2) (371 SE2d 396) (1988).]

Here, appellant was stopped as he left his home at a time when the issuance of search warrants for his home, car, and person was imminent. Testimony at the hearing on appellant's motion to suppress established that appellant was stopped to prevent him from leaving the jurisdiction or destroying evidence. See OCGA § 17-4-20 (a). At the time appellant was stopped, the officers had knowledge that appellant had been identified from the videotapes of the robbery by several co-workers and by a police officer who had known him for 25 years and had previously arrested him. In addition, the officers had obtained information through their investigation that appellant, shortly after the robbery, paid a total of approximately $1,800 in cash to four financial institutions. Finding that information sufficient to meet the probable cause standard set out above, we hold that the arrest was valid and find no error in the trial court's denial of appellant's motion

to suppress on that ground.

(b) Essentially the same information described above was contained in the affidavits submitted in support of the applications for search warrants. Under the "totality of the circumstances" standard (*State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984)), the affidavits established probable cause sufficient to authorize the issuance of the warrants.

(c) Contrary to appellant's contention on appeal, a search warrant for a residence authorizes a search of the curtilage of that residence, which includes yards and grounds and buildings. *Woods v. State*, 258 Ga. 540 (2) (371 SE2d 865) (1988). Thus, there was no error in denying the ground of appellant's motion to suppress which complained that the search of a shed and trash can in his yard exceeded the scope of the warrant.

3. Appellant's remaining enumerations of error, directed at identification testimony admitted at trial, are without merit. *Martin v. State*, 201 Ga. App. 643 (1) (411 SE2d 788) (1991); *Rich v. State*, 254 Ga. 11 (1) (325 SE2d 761) (1985).

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 12, 1993.

Walter Lee Brown, *pro se*.

John R. Parks, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines, Assistant Attorney General, for appellee.