## A99A1202. WILLIAMS v. THE STATE.
### (521 SE2d 414)

ELDRIDGE, Judge.

A Peach County jury found Jermaine T. Williams guilty of armed robbery and possession of a firearm during the commission of a felony. On appeal, he challenges the sufficiency of the evidence introduced against him by contending that there was insufficient corroboration of an accomplice's testimony to support conviction. We disagree and affirm his conviction.

At approximately 12:30 a.m., Kevin Whitaker and Mandy Forte were in the parking lot of Earl's pool hall located at the corner of Highway 314 and Spruce Street in Fort Valley. The pool hall was closed, and the couple was sitting in Whitaker's van, talking. They noticed a man walk by the van and then return a few moments later. Thereafter, Whitaker walked Forte to her car, which was parked nearby. On Whitaker's return to the van, two men ran out from behind the pool hall building. One ran toward him, pulling out a rifle. The perpetrator with the rifle was dressed in black and had a hood that was rolled up on his forehead, so that his face was exposed. Whitaker recognized him as the man who had walked by the van earlier. The perpetrator with the rifle demanded Whitaker's money, stating "give me your shit, mother fucker." Whitaker removed his wallet and threw it to the ground. The perpetrator with the rifle retrieved the wallet, and both perpetrators fled. Whitaker's wallet contained, inter alia, his library card, check cashing card, Office Depot credit card, three $50 bills, and between six and ten $20 bills.

Whitaker and Forte drove to the police station. A bulletin was posted via police radio, along with a description of the perpetrators. Approximately 30 minutes later, appellant Williams was found on Spruce Street near the incident location; he fit the general description put out in the bulletin. A police officer took Whitaker to view appellant Williams at a "show-up" identification. Whitaker stated that Williams looked like the perpetrator, but he could not be posi-

tive because Williams was dressed in white, while the perpetrator had been dressed in black. Accordingly, Williams was released; however, the police obtained a search warrant for Williams' residence. Recovered during the search of Williams' residence were a .22 rifle and the victim's wallet, which included his library card, check cashing card, and Office Depot credit card. Subsequent police investigation led to the arrest of appellant Williams and two co-defendants, Clifton Dean and fifteen-year-old Jonathan Rumph.

At trial, Jonathan Rumph testified for the State. Rumph testified that appellant Williams and co-defendant Dean decided to "hit a lick," i.e., rob a place. They planned to rob Earl's pool hall. Williams and Dean asked Rumph to go with them. Rumph testified that, at approximately 12:30 a.m. on January 30, 1998, he met the two others at appellant Williams and Dean's house on Spruce Street. Williams armed himself with a .22 rifle, while Dean obtained a handgun. Williams was dressed in black and was wearing a hood which was rolled up on his forehead so that his face was visible.

Rumph testified that the trio walked to the pool hall, but it was closed; however, a man and a woman were sitting in a van in the parking lot. Rumph testified that appellant Williams walked by the van and then returned, stating he was "going to get the dude's wallet." Rumph testified that, shortly thereafter, the man walked the woman to her car. As the man returned to the van, appellant Williams ran up to him, drew his rifle, and stated "give me the money, mother fucker." Rumph testified that the man threw his wallet on the ground and Williams retrieved it. Thereafter, at approximately 1:00 a.m., Williams, Dean, and Rumph ran back to Williams and Dean's house where Williams changed clothes. Rumph testified that Williams dressed all in white.

The State also presented testimony from Lashonda Dean, who lives in the same house as Williams and Clifton Dean. She testified that, on the night the armed robbery took place, Rumph and appellant Williams returned to the house just before 1:00 a.m. Ms. Dean testified that the .22 rifle recovered by the State belonged to appellant Williams.

In addition, Fort Valley State College student Crystal Lawrence testified at trial. She stated that appellant Williams came to see her after 1:00 a.m. on the same date as the incident. "He had a black hood on. . . . [H]e asked me did it look like he had money inside the hat and I said no and then he pulled out some money from under the hat." From under the hood Williams removed what appeared to be over $100 in bills. Williams gave Lawrence two $20 bills from the cache. *Held*:

In Georgia, the testimony of an accomplice used to con-

vict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. The necessary corroboration may be by circumstantial evidence.

(Citations and punctuation omitted.) *Bennett v. State*, 202 Ga. App. 699 (415 SE2d 310) (1992). Further, "[t]he sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient." (Citations and punctuation omitted.) *Orr v. State*, 189 Ga. App. 378, 381 (375 SE2d 669) (1988) (Sognier, J., concurring specially).

In this case, the testimony of accomplice Rumph is amply corroborated by the testimony of Kevin Whitaker, as well as Mandy Forte, in that Rumph's description of the way in which the armed robbery transpired mirrors that of both eyewitnesses. Further, Rumph's testimony regarding appellant Williams' participation in the armed robbery is corroborated by (1) the victim's pre-trial identification of Williams as looking like the perpetrator; (2) the officers' discovery of the victim's wallet in Williams' house; (3) Williams' ownership of the .22 rifle used in the armed robbery; and (4) his appearance at Fort Valley State College shortly after the armed robbery wearing the same type of hood used in the armed robbery and in possession of cash that he was obviously trying to hide.

As such, we find the evidence provides sufficient corroboration of the accomplice's testimony so that a rational trier of fact could find Williams guilty beyond a reasonable doubt of the offenses for which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 225 Ga. App. 729, 732 (3) (484 SE2d 780) (1997).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999.

*Jones & Oliver, Charles E. Jones*, for appellant.
*Charles H. Weston, District Attorney, Wayne G. Tillis, Howard Z. Simms, Assistant District Attorneys*, for appellee.