## A01A0746. MAXWELL v. THE STATE.
(549 SE2d 534)

POPE, Presiding Judge.
Stephen Charles Maxwell appeals his conviction on two counts of driving under the influence of alcohol, one count of driving without a valid Georgia driver's license, and one count of improper license plate. He challenges the court's decision to deny his motion to suppress.

The evidence shows that on February 3, 2000, Maxwell's wife was arrested by the Peachtree City Police for driving under the influence of alcohol. Mrs. Maxwell told the police that prior to her arrest, she had been drinking with her husband at the country club. She also

told them the type of vehicle that her husband was driving. That officer told another officer, who situated his patrol car in a place where he could observe Maxwell as he left the country club. That officer eventually had to leave his post, and a third officer, Officer Smucker, replaced him. Smucker had been informed of Mrs. Maxwell's statements. Eventually, Smucker saw Maxwell's Ford pickup truck and began to follow it. At this point, Smucker testified, "It was my intention to find a violation and stop the vehicle." The truck had a Texas license tag, and Smucker decided to call in the tag. He explained that that was the only way he could determine if the tag was valid. He said, "Texas license tags, unlike Georgia license tags, do not have expirations in the back of the tag. They actually have a sticker in the front windshield of the vehicle. So by just observing his Texas tag, I had no way of knowing what the expiration was. You have to run the tag, and that's what I did." He received a report that the license plate had expired in December 1999. Smucker then pulled Maxwell over which led to his arrest for the charges for which he was convicted.

In two separate enumerations, Maxwell contends that the stop was pretextual and that therefore it violated his rights under the United States and Georgia Constitutions. We disagree.

Under the U. S. Constitution, a traffic stop is reasonable where the police have "probable cause to believe that a traffic violation has occurred," *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996), or reasonable suspicion that the car's occupants are involved in criminal activity. *United States v. Hensley*, 469 U. S. 221 (105 SC 675, 83 LE2d 604) (1985). And a determination of reasonable suspicion or probable cause "can rest upon the collective knowledge of the police when there is some degree of communication between them, instead of the knowledge of the arresting officer alone. [Cit.]" *Burgeson v. State*, 267 Ga. 102, 105 (3) (a) (475 SE2d 580) (1996).

Here, based on the information provided by Maxwell's wife, Smucker had reasonable suspicion that Maxwell was driving under the influence of alcohol, which authorized a stop. Second, based on the results of the investigative call about Maxwell's license, Smucker had probable cause to believe that Maxwell had violated the traffic laws. And even without the information about Maxwell's drinking, "when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. See *Whren v. United States*, 517 U. S. 806." *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997). The result is the same under the Georgia Constitution. See *State v. Kirbabas*, 232 Ga. App. 474, 480-

481 (2) (502 SE2d 314) (1998). We find no error.
*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MAY 29, 2001.

*Drew Findling, Cris E. Schneider,* for appellant.
*Steven L. Harris, Solicitor-General,* for appellee.