A03A0684. THOMPSON v. THE STATE.
(577 SE2d 839)

BLACKBURN, Presiding Judge.

Following a jury trial, Tony Thompson appeals his conviction for obstruction of a law enforcement officer, contending that the verdict should be reversed because: (1) he was initially arrested for disorderly conduct without probable cause and (2) the State failed to place the relevant city ordinance regarding disorderly conduct into evidence. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the night of April 15, 2002, police received two domestic disturbance calls regarding the same combatants. In one of the

calls, neighbors of Thompson's ex-girlfriend phoned to report that the ex-girlfriend was screaming, and they were fearful for her safety. Officer Spata responded to both of these calls and determined that Thompson had been arguing with his ex-girlfriend at her home.

Following the second call, Officer Spata detained Thompson, and, shortly thereafter, Officer Cavanaugh arrived to take over Officer Spata's shift. At that time, Officer Spata briefed Officer Cavanaugh about the situation, identifying Thompson as a party to the dispute that had been occurring throughout the night. Officer Spata informed Officer Cavanaugh that glass had been broken at the ex-girlfriend's house, and Officer Cavanaugh noticed that Thompson had a fresh bleeding wound on his hand caused by beating on his ex-girlfriend's front door.

Based on the information relayed by Officer Spata and on his own observations, Officer Cavanaugh then arrested Thompson for disorderly conduct and transported him to his ex-girlfriend's home. There, Officer Cavanaugh confirmed that a pane of glass had been broken out of the front door, and, while Officer Cavanaugh interviewed the ex-girlfriend, Thompson, who was confined in the police car, became violent and started cursing at her.

Officer Cavanaugh then transported Thompson to the hospital so his wounded hand could be examined. In the hospital parking lot, Thompson became very violent, cursing at Officer Cavanaugh and beating the divider in the police car which separates the front seat from the back seat. Officer Cavanaugh exited the car, and Thompson began to beat his fists against the side window, causing it to visibly bulge outward. To prevent Thompson from injuring himself or the police car, Officer Cavanaugh opened the car door to allow Thompson to step out. At that moment, Thompson lunged at Officer Cavanaugh, thereby knocking him to the ground. Thompson began hitting and kicking Officer Cavanaugh, and it took the assistance of three additional officers to subdue him.

Subsequently, Thompson was convicted for obstruction of a police officer. It is from this conviction that Thompson appeals.

1. Thompson contends that, because he was initially arrested for disorderly conduct without probable cause, his conviction for obstruction cannot stand because Officer Cavanaugh was not in the lawful discharge of his official duties at the time. We disagree.

OCGA § 16-10-24 (b) provides:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such

officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

Contrary to Thompson's arguments, Officer Cavanaugh did have probable cause to arrest him. Prior to the arrest, Officer Spata informed Officer Cavanaugh that he had investigated two calls that evening regarding a domestic disturbance and that he had determined that Thompson had been fighting with his ex-girlfriend at her home. Officer Spata also informed Officer Cavanaugh that glass had been broken at the home, and Officer Cavanaugh observed the wound on Thompson's hand consistent with this report. In light of this direct evidence, Officer Cavanaugh had probable cause to arrest Thompson. And, the fact that Cavanaugh relied on information conveyed by another officer does not alter this outcome. "[A] determination of reasonable suspicion or probable cause can rest upon the collective knowledge of the police when there is some degree of communication between them, instead of the knowledge of the arresting officer alone." (Punctuation omitted.) *Maxwell v. State.*[1]

2. Thompson further contends that his conviction must be reversed because the State failed to place the appropriate city ordinance on disorderly conduct into evidence. Specifically, Thompson argues that, in the absence of this ordinance, the jury had no way of determining that Officer Cavanaugh was lawfully discharging his duties when the arrest was made. Again, we disagree.

"It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful, and that the officer was lawfully discharging his official duties." *Whaley v. State.*[2] With regard to the first requirement, it is clear from the record that Thompson's attack on Officer Cavanaugh was both knowing and wilful.

With regard to the remaining element of obstruction, the record also shows that Officer Cavanaugh was lawfully discharging his duties, even without the introduction of the disorderly conduct ordinance. Thompson bases his ordinance argument on *Woodward v. State.*[3]

[Thompson] argues that we should apply to the instant case our finding in *Woodward* that the state was required to provide a certified copy of the ordinance so that the jury could

[1] *Maxwell v. State*, 249 Ga. App. 747, 748 (549 SE2d 534) (2001).
[2] *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985).
[3] *Woodward v. State*, 219 Ga. App. 329 (465 SE2d 511) (1995).

determine whether the defendant's arrest for disorderly conduct was lawful. [Thompson's] argument is incorrect. In *Woodward*, in the absence of the ordinance, there was no evidence that the officer was lawfully discharging his duties when he arrested the defendant. [In that case, the defendant was arrested while she was merely writing a note to the sheriff as she stood at the clerk's window in a public building.]

*Mathis v. State.*[4]

In this case, however, it is clear that Officer Cavanaugh was acting lawfully. Arriving at the scene of Thompson's detention, he was informed that Thompson had been involved in an ongoing domestic dispute and that, during this dispute, glass had been broken. Officer Cavanaugh also knew that Thompson's ex-girlfriend's neighbors had phoned the police because they were fearful for her safety. This evidence supports the finding that Thompson had been involved in disorderly and illegal conduct. So, contrary to *Woodward*, there was evidence that Thompson had committed a crime in the absence of the ordinance, and the record supports the jury's finding that Officer Cavanaugh was lawfully discharging his duties at the time that he was accosted by Thompson.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 7, 2003.

*John R. Mobley II*, for appellant.
*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.

---

[4] *Mathis v. State*, 250 Ga. App. 500, 502 (552 SE2d 97) (2001).