## A03A1588. ADAMS v. THE STATE.
(589 SE2d 269)

MIKELL, Judge.

Angry with his girlfriend for having an abortion, Jamal Malachi Adams pulled out a clump of her hair, elbowed her in the face, and kicked the officer who arrested him. Adams was convicted of simple battery and felony obstruction of a law enforcement officer as a result of the incident. On appeal, Adams challenges only his conviction of obstruction. We affirm.

1. To commit the offense of felony obstruction of an officer, a person must knowingly and wilfully resist, obstruct, or oppose any law enforcement officer in the lawful discharge of his official duties, by either offering to do violence to or doing violence to the officer.[1] An essential element of this offense is proof beyond a reasonable doubt that the obstruction occurred while the officer was in the lawful discharge of his official duties.[2] A police officer is not discharging his lawful duty when he arrests an individual without probable cause.[3]

In the case at bar, Adams argues that he was arrested without probable cause. The evidence, viewed in the light most favorable to

---

[39] (Citation omitted.) *Brown v. State,* 199 Ga. App. 773, 774 (406 SE2d 248) (1991).
[1] OCGA § 16-10-24 (b).
[2] *Williams v. State,* 228 Ga. App. 698, 699-700 (2) (492 SE2d 708) (1997).
[3] Id. at 700 (2).

support the jury's verdict,[4] shows that on December 25, 2001, at approximately 1:00 a.m., Henry County Police Officer Jeffrey Wayne Owen was dispatched to the Sable Chase Apartments, No. 806, to handle a domestic violence call. A resident, Bernardo Suarez, testified that he had called 911 at the victim's request to report that Adams was beating her. Suarez testified that he and Adams exchanged words and that Adams started walking toward him holding an object that looked like a knife. At that moment, Adams saw a patrol car coming around the corner, and he took off running. When Officer Owen arrived, Suarez pointed out Adams running up the steps of one of the buildings in the complex.

Officer Owen testified that he saw Adams standing on the landing of the building. Officer Owen identified himself as a police officer and ordered Adams to stop. Adams fled into an apartment. Fearing that the victim might be inside that apartment, Officer Owen gave chase. When Officer Owen entered the apartment, he saw Adams, ordered him to the ground, and handcuffed him. Officer Owen found a clump of hair stuck in Adams's fingernail and a knife in his pocket. After removing these items, Officer Owen escorted Adams to a patrol car. Officer Owen testified that Adams screamed and kicked at the windows after he was seated in the patrol car. Fearing Adams would damage the car, Officer Owen reached in and tried to pull him out. Adams continued kicking, and he struck Officer Owen's hand, bruising his thumb.

Adams contends that he was justified in resisting arrest because the warrantless arrest was without probable cause. We find, however, that the evidence established probable cause beyond a reasonable doubt.[5] The dispatcher notified Officer Owen that he would be responding to a domestic violence call, and Suarez pointed out the fleeing offender. Then Adams refused to comply with Officer Owen's order to stop. A police officer is permitted to rely upon information provided by others, such as a dispatcher or fellow officer, in determining probable cause.[6] Moreover, "[p]robable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances. Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest. . . ."[7] Therefore, based on the totality of the cir-

---

[4] Id. at 699 (1).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] *Thompson v. State*, 259 Ga. App. 518, 520 (1) (577 SE2d 839) (2003) (information provided by another officer); *Maxwell v. State*, 249 Ga. App. 747, 748 (549 SE2d 534) (2001) (information provided by defendant's wife authorized stop); *Overand v. State*, 240 Ga. App. 682 (523 SE2d 610) (1999) (information provided by dispatcher gave rise to articulable suspicion).

[7] (Citation and punctuation omitted.) *Howie v. State*, 218 Ga. App. 45, 46 (1) (459 SE2d 179) (1995).

cumstances, including Adams's attempted flight upon seeing the police car, we conclude that the evidence established probable cause for the warrantless arrest.[8]

2. Adams next argues that the trial court erred in considering his Virginia conviction of aggravated involuntary manslaughter during sentencing because the state did not provide notice to the defense of its intention to introduce the prior offense in aggravation, as required by OCGA § 17-10-2 (a). That Code section provides that during the presentence hearing, "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . , provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible."

In this case, the record shows that when the hearing began, the trial court asked whether the state had anything to introduce. The prosecutor responded, "No, sir." The court then inquired whether there was anything significant in Adams's background, and the prosecutor again responded negatively. However, she handed the court a document, which was not introduced into evidence, showing Adams's criminal history. Defense counsel raised no objection.

We have held that trial courts are permitted to consider criminal histories contained in presentence reports when deciding whether to suspend or probate a sentence, although such reports cannot be used to determine the length of a sentence.[9] An examination of the transcript of the sentencing hearing does not reveal whether the trial court considered the prior conviction in determining Adams's sentence, although we note that the court probated a portion of it. However, Adams waived any error by failing to object to the court's examination of his criminal history on the ground that he received no notice.[10]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 21, 2003.

*Lloyd J. Matthews*, for appellant.

---

[8] Id.; *Jackson v. Virginia*, supra.

[9] *Denny v. State*, 226 Ga. App. 432, 436 (13) (486 SE2d 417) (1997). Accord *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975) ("The information in these reports cannot be regarded as 'evidence' either in aggravation or in mitigation as such reports are not a part of the evidence introduced at the pre-sentence hearing.").

[10] *Denny*, supra. Accord *Howard v. State*, 172 Ga. App. 83, 84 (2) (321 SE2d 815) (1984).

*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.