A04A0309. ETCHISON v. THE STATE.
(597 SE2d 583)

ANDREWS, Presiding Judge.

Demarcus Etchison appeals after a jury convicted him of selling cocaine and selling cocaine within 1,000 feet of a housing project. Etchison claims the trial court erred in sentencing him under OCGA § 17-10-7 (a) and also that the evidence was insufficient to support the verdicts. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. An officer with the Summerville Police Department testified that he was working with two paid confidential informants to set up drug buys. The two informants were fitted with a concealed camera and on the day in question made two drug buys from Etchison and his co-defendant Erica Bankston. The first buy was for $50 and the second for $30. Both buys were within 1,000 feet of a housing project. A video-audiotape of the drug buy was played for the jury and showed Etchison sitting in the front seat of the car next to Erica Bankston.

Erica Bankston testified at trial and admitted to selling the cocaine. She said Etchison had the cocaine but he gave it to her because the informants/buyers came to her side of the car. After she got the cocaine from Etchison and gave it to the informants, they gave her the money and she in turn gave the money to Etchison.

1. In his first enumeration, Etchison argues that the evidence was insufficient because the only witness who testified was an accomplice and a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. Etchison also points out that the videotape shows him present but does not show him handling either the drugs or the money and cites to case law holding that mere presence where a crime is committed, without more, will not support a conviction. *Russell v. State*, 132 Ga. App. 35, 36 (207 SE2d 619) (1974). This is a true statement; however, in this case there is more than mere presence. There is the accomplice's testimony that he participated in the crime. And, although a defendant may not be convicted on the uncorroborated testimony of an accomplice, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. *Brennon v. State*, 191 Ga. App. 720, 722 (382 SE2d 682) (1989). Moreover, the corroborating

evidence may be circumstantial and the sufficiency of the corroborating evidence is a matter for the jury to determine. *Jackson v. State*, 246 Ga. App. 731 (541 SE2d 701) (2000). Here, the videotape shows Etchison in the front seat with the accomplice, talking to the confidential informant during the drug buy. This, together with the accomplice's testimony, was sufficient evidence for the jury to find beyond a reasonable doubt that Etchison was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Haney v. State*, 234 Ga. App. 214, 216 (507 SE2d 18) (1998); *Leonard v. State*, 228 Ga. App. 792, 797 (492 SE2d 747) (1997); *Ryans v. State*, 226 Ga. App. 595, 597 (487 SE2d 130) (1997); *Mosier v. State*, 223 Ga. App. 75, 76 (476 SE2d 842) (1996).

2. Next, Etchison argues that he was improperly sentenced as a recidivist under OCGA § 17-10-7 (a). Etchison was initially sentenced to forty years to serve fifteen on Count 1 and five years to serve on Count 2, to be served consecutive to the sentence on Count 1. But, the record shows that the Sentence Review Panel reduced his sentence to fifteen years to serve five on Count 1, and five years to serve on Count 2, to run concurrent with the sentence on Count 1. In his brief, Etchison argues only that the original sentence was improper and does not mention the reduced sentence imposed by the Sentence Review Panel. Because Etchison's brief argues facts which are not supported by the record and are, in fact, incorrect, we are unable to address this enumeration.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 24, 2004.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.