## A04A2362. COMBS v. THE STATE.
(609 SE2d 198)

PHIPPS, Judge.

While on patrol, Flowery Branch Police Officer Mark Abruzzino found Jeffrey Combs slumped over and unconscious in the driver's seat of a parked vehicle. Abruzzino observed syringes and vials in Combs's lap. Upon regaining consciousness, Combs admitted to Abruzzino that the vials contained drugs intended for injection and that he did not have any medical condition necessitating their use. Abruzzino thereupon arrested him. Methamphetamine was found during an inventory search of Combs's vehicle incident to his arrest.

After being charged with unlawful possession of the methamphetamine, Combs filed a motion to suppress on the ground that he had been arrested without probable cause. The trial court denied Combs's motion and convicted him of possession of methamphetamine at a bench trial. Combs appeals, challenging the trial court's denial of his motion to suppress. Finding no error in denial of the motion, we affirm.

Combs's central argument is that his arrest was lacking in probable cause because, in response to questioning by the officer, he had said that the vials in his possession contained drugs "similar to steroids"; and steroid possession is not necessarily illegal.[1] This argument misperceives the concept of probable cause.

> In determining whether the officer had probable cause to believe that the substance was [contraband], the law is that "probable cause is a flexible, common-sense standard. It

---

[1] See OCGA § 16-13-27.1.

merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required." [Cit.][2]

The totality of the circumstances must be examined in determining the existence of probable cause.[3]

Here, the officer found Combs unconscious in the driver's seat of a parked vehicle in possession of syringes and vials admittedly containing injectable drugs. Combs claimed that the vials contained drugs similar to steroids. The officer testified that, in his professional experience, steroids are not lawfully administered through injection except in a doctor's office. That knowledge by the officer, combined with Combs's inability to provide any documentation showing that he was in lawful possession of the drugs, established probable cause for his arrest.[4]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur. Smith, P. J., not participating.*

DECIDED JANUARY 12, 2005.

*Whitmer & Law, George H. Law III*, for appellant.
*Jason J. Deal, District Attorney, Norris S. Lewis, Jr., Assistant District Attorney*, for appellee.

---

[2] *Miller v. State*, 261 Ga. App. 618, 620 (1) (583 SE2d 481) (2003); see *Wright v. State*, 189 Ga. App. 441, 442 (1) (375 SE2d 895) (1988).

[3] *Adams v. State*, 263 Ga. App. 694, 695 (1) (589 SE2d 269) (2003).

[4] Cf. *Miller v. State*, supra (probable cause established by trained officer's observation of untested substance that had the appearance of crack cocaine); compare *Raif v. State*, 109 Ga. App. 354 (136 SE2d 169) (1964).