A05A0513. COLE v. THE STATE.
(614 SE2d 883)

BERNES, Judge.

A Turner County jury convicted appellant, Timothy N. Cole, of theft by receiving stolen property and two counts of felony obstruction of a law enforcement officer. The trial court denied Cole's motion for new trial and he appeals, challenging only the sufficiency of the evidence as to his convictions for obstruction of a law enforcement officer. We find Cole's enumeration of error to be without merit and affirm.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting

---

evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

So construed, the evidence shows that on June 9, 2000, at approximately 3:20 a.m., Reginald Hayes was awakened by a loud "banging" coming from the rear of his residence. Hayes looked out his window and saw what appeared to be a black male banging on the window of a neighbor's residence. Concerned that a burglary might be taking place, Hayes called the police. Approximately five minutes later, City of Ashburn Officer Roy Wiley arrived at the scene and encountered Cole and his cousin beating on a coin-operated air compressor with a hammer and screwdriver. Quarters were scattered on the ground outside of the air compressor. At that point, Officer Wiley realized he had seen Cole and his vehicle earlier that morning parked at a B.P. station next to what he believed to be and was "pretty sure" the same air compressor. Wiley nevertheless questioned Cole regarding the origins of the compressor. Cole claimed that his grandfather had given him the air compressor and that he was trying to repair it.[1] Cole also claimed that his grandfather had no telephone. When Officer Kurt Jones, who had also arrived on the scene, asked Cole for his grandfather's address, Cole became angry and tried to pick up the compressor. More coins fell to the ground. Officer Wiley then decided to place Cole under arrest.

However, Cole resisted and shoved Officer Wiley. When Officer Jones attempted to assist Officer Wiley, Cole shoved Jones as well. Cole struggled and wrestled with the officers until he was finally handcuffed.

A person commits the offense of felony obstructing a law enforcement officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." OCGA § 16-10-24 (b). Cole contends that the officers lacked probable cause for his arrest and the State therefore failed to prove that the police officers were acting in the lawful discharge of their duties at the time of his warrantless arrest. See *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511) (1995).

> "A 'warrantless arrest' is constitutionally valid if . . . the arresting officer has probable cause to believe the accused has committed or is committing an offense. . . . (Cit.)" *Brown v. State*, 262 Ga. 728, 729 (2) (a) (425 SE2d 856) (1993).

---

[1] At trial, Cole claimed he had found the compressor in the middle of a street on which he was driving. He admitted he had initially lied to the police officers because he "figured" the compressor "might be stolen."

Probable cause exists if the arresting officer has reasonably trustworthy information that would allow a reasonable person to believe the accused committed a crime. Id.

*Brown v. State*, 278 Ga. 724, 727 (2) (609 SE2d 312) (2004). Here, the facts and circumstances were sufficient to warrant the belief that Cole possessed stolen property and as such, had either committed the crime of theft by taking or theft by receiving stolen property. See OCGA §§ 16-8-2; 16-8-7 (a). Officer Wiley observed Cole and his cousin banging on and breaking into a coin-operated air compressor in the middle of the night. Officer Wiley recognized the compressor as belonging to the B.P. gas station where he had seen Cole less than 24 hours earlier. Furthermore, Cole refused to provide information which would verify his claim that he had lawfully obtained the compressor. These facts and circumstances were more than sufficient to establish probable cause for Cole's arrest for theft. See *Combs v. State*, 271 Ga. App. 276, 276-277 (609 SE2d 198) (2005) ("[P]robable cause . . . merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be . . . stolen property . . . ; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required.") (punctuation and footnote omitted).

Accordingly, Officers Wiley and Jones were acting within the "lawful discharge" of their duties when Cole violently resisted arrest. Any rational trier of fact could have found Cole guilty beyond a reasonable doubt of the obstruction charges at issue.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2005.

*Lon P. Kemeness*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.