## A05A1140. BEARDEN v. THE STATE.
### (620 SE2d 613)

RUFFIN, Chief Judge.

Jeffrey Eugene Bearden was indicted on nine counts of burglary for a series of burglaries in DeKalb County. A jury convicted him of three counts of burglary; three counts were dismissed by the state during trial; and the jury acquitted him on the remaining three counts. In his sole enumeration of error, Bearden challenges the sufficiency of the evidence, arguing that he was improperly convicted on the uncorroborated testimony of an accomplice. Because we find that the accomplice testimony was sufficiently corroborated, we affirm Bearden's convictions.

In evaluating the sufficiency of evidence on appeal, we consider " 'whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.' "[1] We view the evidence in a light most favorable to the verdict and defer to the jury's determination of the proper weight given to the evidence and of the credibility of the witnesses.[2] Viewed in this light, the evidence shows that there were a series of "smash and grab" burglaries in DeKalb County in 2003. In these burglaries, the perpetrators broke the windows of convenience

---

[1] *Cole v. State*, 273 Ga. App. 259 (614 SE2d 883) (2005).
[2] See id.

stores, grocery stores, and drug stores, took cigarettes and other items, and fled before police responded.

At one such burglary, a witness provided the tag number of the getaway car, a Buick LeSabre which was registered to Bearden's mother, Gail Burner. The police viewed surveillance videotapes from several of the burglaries and recognized Bearden on one tape. When the police arrested Bearden, William Tinsley was present, and an officer recognized Tinsley from the surveillance video of one of the burglaries. Tinsley was also arrested.

The police searched Bearden's Buick LeSabre, recovering, among other items, seven lighters, a black Carolina Panthers shirt, a shirt with an "Iron Horse Saloon" logo, and a pair of shoes. Detective David Smith, who investigated the case and arrested Bearden, identified the shirts and the shoes as similar to items worn by one of the perpetrators in several surveillance videos. Bearden's mother viewed the surveillance videotapes and identified Bearden on the tapes, although she later recanted this identification, claiming she had only identified Tinsley.

Subsequent to his arrest, Tinsley told police that he and Bearden had committed the burglaries, and he took police officers to several of the businesses that had been burglarized. At trial, Tinsley testified that he and Bearden had committed four burglaries.[3] Generally, they drove the LeSabre to a closed store in the early morning hours, smashed the door of the store with a brick or hammer, stole cigarettes, and left within five minutes. Bearden would then sell the cigarettes.

The jury found Bearden guilty of three burglaries charged in Counts 5, 6, and 7 of the indictment. Tinsley testified about all three burglaries, admitting that he also participated in the burglaries charged in Counts 5 and 6, but not the one charged in Count 7.

A person may not be convicted of a felony solely on the uncorroborated testimony of an accomplice;[4] nonetheless, only slight evidence corroborating the accomplice's testimony is required to support a conviction.[5] "Moreover, the corroborating evidence may be circumstantial and the sufficiency of the corroborating evidence is a matter for the jury to determine."[6] In this case, there was evidence from which the jury could find sufficient corroboration of Tinsley's testimony to support Bearden's convictions on the three counts.

1. As to Count 5, Tinsley testified that he and Bearden went to a Shell gas station on Chamblee-Dunwoody Road on October 31, 2003,

---

[3] Tinsley had already entered a guilty plea to three counts of burglary at the time of the trial.

[4] See *Gibson v. State*, 267 Ga. App. 473, 474 (1) (600 SE2d 417) (2004).

[5] See id.

[6] *Etchison v. State*, 266 Ga. App. 528, 528-529 (1) (597 SE2d 583) (2004).

threw a brick through the front door, and entered. An alarm went off, they took some cigarettes, and fled. A surveillance videotape of the burglary was shown to the jury. Tinsley identified himself and Bearden in the video, indicating that Bearden was wearing an "Iron Horse Saloon" shirt that Tinsley had given him. Tinsley identified the shirt taken from Bearden's car as being this shirt, which was distinctive because it was marked with "Bike 2001 Week." The shirt was also identified by Detective Smith as being similar to the one in the surveillance video. After Bearden's arrest, the store manager identified the seven lighters found in Bearden's car as having been taken from the store during the burglary. This evidence was sufficient to corroborate Tinsley's testimony, as the shirt seen in the surveillance video and stolen property from the burglary were in Bearden's car, and the jury was able to view the video.[7]

2. Count 6 of the indictment charged Bearden with the burglary of Buddy's Food Store on Chamblee-Tucker Road on October 31, 2003. Tinsley testified that he and Bearden went to the store in the Buick LeSabre. Bearden threw a brick through the door and entered the store. Because the store's alarm was very loud and the cigarettes were in a locked case, they left without taking anything. Tinsley's testimony was corroborated by that of Officer C. D. Johnson, who went to Buddy's Food Store in response to an alarm call. A witness gave Officer Johnson a description of the two burglars and their automobile, along with the tag number of the getaway car. Officer Johnson checked the tag number and learned that the car was a blue Buick LeSabre registered to Burner. The store owner testified that the door was broken, but nothing was taken. Again, this evidence provided sufficient corroboration of Tinsley's story to support Bearden's conviction, as eyewitness testimony confirmed Tinsley's version of events.[8]

3. Tinsley testified that he did not participate in the burglary charged in Count 7 of the indictment. This burglary occurred at the Amoco on North Peachtree Road on November 6, 2003. Tinsley did, however, identify Bearden and the Buick LeSabre in the surveillance video taken during that burglary, noting that Bearden was wearing a Carolina Panthers shirt and white shoes with blue toes. He testified that these were similar to the items police took from Bearden's vehicle. Tinsley also had seen Bearden with these items of clothing on other occasions. Detective Smith identified the shirt and shoes as similar to those worn by the perpetrator in one of the surveillance videos.

---

[7] See *Reynolds v. State*, 267 Ga. App. 148, 152 (3) (598 SE2d 868) (2004); *Walton v. State*, 242 Ga. App. 639, 640-641 (530 SE2d 531) (2000).

[8] See *Williams v. State*, 239 Ga. App. 457, 459 (521 SE2d 414) (1999).

Police were able to see the tag number of the getaway vehicle in the surveillance video from the Amoco. When police officers checked the tag number, they learned that the car, which was registered to Bearden's mother, had been impounded and subsequently retrieved from a towing service by Bearden. The towing service had a copy of Bearden's driver's license on file. Assuming, without deciding, that Tinsley would be considered an accomplice as to Count 7, ample evidence corroborated his testimony.[9]

Because the evidence was such that a rational trier of fact could have found Bearden guilty of the three burglaries beyond a reasonable doubt, we affirm his convictions.[10]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 2005.

*Virginia W. Tinkler*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Elisabeth G. Mac-Namara, Leonora Grant, Assistant District Attorneys*, for appellee.

---

[9] See *Ziegler v. State*, 270 Ga. App. 787, 789 (1) (608 SE2d 230) (2004).
[10] See *Gibson*, supra at 475-476.