## 68652. HOWARD v. THE STATE.
### (321 SE2d 815)

POPE, Judge.

After a trial by jury, appellant was convicted of burglary and sentenced to serve 20 years.

1. Appellant first assigns error to the trial court's charge to the jury on the law of confession. In support appellant argues that his statement to police was not a confession. While we do not agree with appellant's contention (see *White v. State*, 163 Ga. App. 179 (3) (292 SE2d 875) (1982)), we need not address this issue. The transcript reveals that at the end of the charge to the jury, the trial court inquired of appellant's counsel as to whether or not he had any objections to the charge as given. Counsel responded by objecting to two wholly different issues in the charge, neither of which complained of the reference to confession. Never was objection raised or otherwise preserved for appeal based upon the law of confession charged to the jury and now assigned as error on appeal.

"The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. [Cit.] If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. *Jack-*

*son v. State*, 246 Ga. 459 (271 SE2d 855) (1980), and cases cited therein. Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge. [Cit.]" *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982). This enumeration of error, therefore, provides no basis for reversal.

2. Appellant's remaining enumeration of error asserts that the trial court erred in using a presentence report[1] to aggravate appellant's sentence. "[T]he trial court is authorized under OCGA §§ 42-8-29 [cit.] and 42-8-34 [cit.] to consider investigative reports prepared by probation officers for the purpose of deciding whether to suspend or probate all or part of the defendant's sentence, but the court cannot use the reports to determine the length of the sentence." *Williams v. State*, 165 Ga. App. 553, 554 (301 SE2d 908) (1983). Thus, we agree with the principle of law advanced by appellant in this case. However, no objections were raised during the presentence hearing. " 'The record does not show that an objection was made on the grounds of no prior notice. Objections such as the one before us now must be properly made in the trial court and a failure to do so at that time eliminates a subsequent review by this court. (Cit.)' *Strozier v. State*, 231 Ga. 140, 142 (2) (200 SE2d 762) (1973). See also *Bradshaw v. State*, 145 Ga. App. 664, 665 (1) (244 SE2d 600) (1978)." *Varnes v. State*, 159 Ga. App. 452 (1) (283 SE2d 673) (1981). "[T]he defendant's failure to object at the presentencing hearing to consideration of the probation report constitutes a waiver of his right under [OCGA § 17-10-2] to have the report excluded from consideration in fixing his sentence. [Cits.]" *McDuffie v. Jones*, 248 Ga. 544, 550 (283 SE2d 601) (1981). See also *Fields v. State*, 167 Ga. App. 816 (4) (307 SE2d 712) (1983); *Chapman v. State*, 154 Ga. App. 532 (4) (268 SE2d 797) (1980).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1984.

*Dan T. Pressley, Sr.*, for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney*, for appellee.

---

[1] Although referred to by appellant as a presentence investigation report, the information was contained in a probation report. See OCGA § 42-8-34 (b).