A97A0748. DENNY v. THE STATE.
(486 SE2d 417)
</div>

Judge Harold R. Banke.

David William Denny was convicted of two counts of criminal damage to property and received a recidivist sentence. On appeal, he enumerates 15 errors.

This case arose from a family dispute over property. Denny's grandfather owned a farm which was divided among his nine children when he died. Substantially all the surviving children and their progeny remained on the property.

Denny's Aunt Cece purportedly deeded her portion, which included a house, to Denny. However, Denny never recorded the deed. The property was foreclosed upon and eventually Denny's cousin, Elliott Wallace, purchased it, but Denny never acknowledged the transaction.

Wallace owned a trailer next door to the house, but because he had terminal cancer he often stayed with his mother, Mary Frances Mangum, who lived in a trailer next to his. Denny lived across the road with his cousin Sandra Reattoir, Cece's daughter, and their son.

Just prior to the offense, Denny and Reattoir had been visiting the house. Denny testified that someone had "trashed" it, presumably Mangum's granddaughter. Reattoir knocked on Mangum's door and inquired whether Mangum's granddaughter was there. She then asked about her father's picture, which was missing from the house. Mangum responded, "Well, Sandra, you couldn't have cared much for the picture, because the house has changed hands three times and the picture was still on the wall. If you had cared for your father's picture, it wouldn't have still been there." Mangum then closed the door while Reattoir was responding.

At that point, Denny began screaming and breaking the windows in Mangum's trailer, including those in her spare bedroom, where Wallace lay dying of cancer. Denny then broke the windows in Wallace's trailer and his pickup truck. Both trailers sustained over $500 in damage. *Held*:

1. The evidence clearly did not support a jury charge on justification. The record shows that when Denny and Reattoir discovered the house had been "trashed," no one else was there. This fact precludes a claim that Denny committed the offenses "to prevent or terminate" a trespass on the property. OCGA § 16-3-24 (a).

Moreover, a justification defense must be premised solely upon the circumstances which occur between a defendant and the victim. See *Watson v. State*, 206 Ga. App. 95, 97 (5) (424 SE2d 360) (1992). Denny's own testimony makes it clear that he knew neither Mangum nor Wallace had damaged Reattoir's mother's house.

2. The trial court properly denied Denny's oral request to charge the jury on provocation. OCGA § 5-5-24; *Hubbard v. State*, 220 Ga. App. 678 (1) (469 SE2d 866) (1996). The standard charges on provocation do not pertain to property offenses. See OCGA §§ 16-5-2; 16-5-25; see Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 73. Denny's request to charge failed to take this into account and thus was not adjusted to the evidence. See *Shilliday v. Dunaway*, 220 Ga. App. 406, 410 (7) (469 SE2d 485) (1996). Even if it had been, the concept is inapplicable to these facts because it presupposes that the victim provoked the offense. See, e.g., *Mitchell v. State*, 199 Ga. App. 159, 160-161 (404

SE2d 329) (1991).

3. The trial court did not err in refusing to give Denny's verbally requested charge on temporary insanity. The record shows that Denny failed to comply with the ten-day notice requirement of Uniform Superior Court Rule 31.4 and he made no showing of good cause for failing to give notice of his intent to raise the insanity issue. Uniform Superior Court Rule 31.4 (B). Absent such a showing, the issue could not be raised at trial. Id.

Moreover, the only evidence Denny cited in support of the charge was his inability to remember committing the offenses. This would not require an insanity instruction. *Reeves v. State*, 234 Ga. 896, 898 (3) (218 SE2d 625) (1975) (overruled on other grounds).

4. Having concluded that the trial court properly declined to instruct the jury on justification and provocation, we reject Denny's contention that a charge on affirmative defenses was required.

5. Nor did the trial court err in failing to instruct the jury on negative evidence. Denny never requested the charge. However, he maintains that the charge was mandated by Mangum's testimony that Wallace never gave anyone permission to damage his trailer or truck. Because the failure to give this charge did not deprive the jury of the proper guidelines for determining guilt or innocence, the issue was not preserved for appeal. *Roberts v. State*, 221 Ga. App. 196, 198 (3) (471 SE2d 27) (1996). Moreover, because there was no contrary evidence for the jury to prefer over Mangum's negative testimony, OCGA § 24-4-7's preference for positive testimony is inapplicable.[1]

6. The trial court did not abuse its discretion in admitting a photograph of Wallace, showing him sitting on his bed next to the damaged window. Nothing in the photograph could be construed as causing the kind of unfair prejudice or confusion which would require reversal. See *Weeks v. State*, 220 Ga. App. 141, 142-143 (1) (469 SE2d 316) (1996).

7. We reject Denny's contention that the admission of Mangum's testimony about Wallace's cry for help during the offense requires reversal. The statement was admissible as res gestae. OCGA § 24-3-3; see *Andrews v. State*, 249 Ga. 223, 225-226 (290 SE2d 71) (1982) (defining res gestae). Assuming without deciding that the inconsistencies between Mangum's testimony during the motion in limine hearing and at trial were material to these charges, they would have been a proper subject for cross-examination.[2] See *Truitt v. State*, 168

---

[1] OCGA § 24-4-7 states in pertinent part: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many other witnesses who had the same opportunity of observation swear that they did not see or know of its having existed."

[2] During the hearing, Mangum testified that as Denny broke the bedroom window, Wal-

Ga. App. 616, 617-618 (2) (309 SE2d 895) (1983).

8. The trial court's denial of Denny's motion for a continuance made on the day of trial does not mandate reversal. Because the record shows that Denny failed to satisfy each of the requirements of OCGA § 17-8-25 in seeking the continuance, we cannot say the trial court abused its discretion. *Dorsey v. State*, 203 Ga. App. 397, 399 (1) (416 SE2d 879) (1992); see *Hicks v. State*, 221 Ga. App. 735, 736-737 (2) (472 SE2d 474) (1996).

9. We reject Denny's contention that the State committed prosecutorial misconduct by repeatedly injecting the fact that Wallace was dying of cancer when the offenses occurred. "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." *Meredith v. State*, 211 Ga. App. 213, 215 (4) (438 SE2d 644) (1993). The record shows that Denny failed to object to most of this evidence and some of it he injected himself. Further, his objections of record were overruled and his motion in limine to exclude testimony about Wallace's condition and demise was unsuccessful. The record provides no support for this claim. Compare *Mazo v. State*, 224 Ga. App. 744, 745 (1) (481 SE2d 831) (1997).

10. The trial court did not violate OCGA § 17-8-57 by questioning Denny about the identities of the individuals who purportedly "trashed" Reattoir's mother's house, the location of the house, and whether Mangum or Wallace had done anything to Denny. Notwithstanding Denny's argument to the contrary, the court's straightforward inquiries cannot be construed as an expression or intimation of its opinion about Denny's justification defense. OCGA § 17-8-57. The trial court had the right to question Denny to fully develop the truth of the case. *Eagle v. State*, 264 Ga. 1, 3 (3) (440 SE2d 2) (1994).

11. The trial court properly denied Denny's post-trial motion for disqualification and recusal of the judge. The motion, which challenged the trial court's impartiality based on several rulings against Denny, was untimely filed. Uniform Superior Court Rule 25.1. Furthermore, the grounds raised were insufficient to call into question the court's impartiality. *Ward v. State*, 262 Ga. 293, 300 (19) (417 SE2d 130) (1992).

12. We reject Denny's contention that reversal is required because voir dire was not recorded and he therefore received no record of it. Where voir dire is not recorded, the complaining party has the duty of complying with OCGA § 5-6-41 (g)'s procedure for reconstructing the record. *Mapp v. State*, 204 Ga. App. 647, 648 (2)

---

lace yelled, "Mother, David's breaking in." At trial, she testified Wallace screamed, "Mother, help. He's trying to kill me." Denny did not mention this discrepancy on cross-examination.

(420 SE2d 615) (1992). There is no evidence that Denny complied with this statute. Further, even if the voir dire transcript corroborated Denny's contention that the State interjected the issue of Wallace's cancer, the error was harmless in light of Denny's own testimony on the subject. See *Roberson v. State*, 214 Ga. App. 208, 211 (7) (447 SE2d 640) (1994).

13. The trial court's consideration of a presentence report showing Denny's extensive criminal history which was not provided to the defense did not violate OCGA § 17-10-2 (a)'s requirement that all evidence admitted in aggravation be made available to the defendant prior to trial. Trial courts are permitted to consider presentence reports when deciding whether to suspend or probate all or part of a sentence, although such reports cannot be used to determine the length of a sentence. *Howard v. State*, 172 Ga. App. 83, 84 (2) (321 SE2d 815) (1984); OCGA §§ 42-8-29 and 42-8-34. While the trial court mentioned the presentence report at sentencing, there is no evidence that the court relied on it to determine the length of Denny's sentence. On the contrary, the report was not introduced at the sentencing hearing and the record shows the trial court premised the sentence (part of which was probated) on Denny's prior burglary convictions. *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975) ("The information in these reports cannot be regarded as 'evidence' either in aggravation or mitigation as such reports are not a part of the evidence introduced at the presentence hearing."). Denny cannot claim lack of notice that the burglary convictions would be used in aggravation because the indictment included an habitual felon count premised on them. In any event, the record shows that Denny waived the error by failing to object to the use of the report on no prior notice grounds. *Howard*, 172 Ga. App. at 84 (2).

14. The trial court did not err in imposing restitution without first holding a hearing on Denny's ability to pay. Because the restitution included in Denny's sentence was not a condition precedent to probation, no hearing was required. *Hunt v. State*, 222 Ga. App. 66, 70 (3) (473 SE2d 157) (1996).

15. We reject Denny's contention that reversal is required because the trial court quashed a number of subpoenas of magistrates and law enforcement personnel he filed. Denny sought their testimony to show the history of the on-going feud within his family. Because Denny provided testimony of that fact, the error, if any, was harmless. See *Roberson v. State*, 214 Ga. App. at 211 (7). Moreover, Denny's testimony that his problem was not with Wallace or Mangum rendered the prior bad acts of his other relatives irrelevant. See *Jackson v. State*, 261 Ga. 734, 735 (3) (410 SE2d 115) (1991). In addition, Denny failed to comply with Uniform Superior Court Rule 31.6's ten-day notice requirement, which was necessary to present

evidence of prior bad acts.

We decline to reach the six remaining issues contained in Denny's amended enumerations of error. The amended enumerations were not filed within 20 days of the docketing date of November 26, 1996. "An enumeration of error may not be amended after the original filing time has expired." *Parham v. State*, 166 Ga. App. 855, 856 (2) (305 SE2d 599) (1983).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED APRIL 28, 1997 —
RECONSIDERATION DENIED MAY 13, 1997 — ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Temples.

*Bates, Kelehear, Starr & Cherof, Harlan M. Starr*, for appellant.
David W. Denny, *pro se.*

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.