## A01A1986. MATHIS v. THE STATE.
(555 SE2d 86)

PHIPPS, Judge.

A jury found Henry Ray Mathis guilty of two counts of burglary, entering an auto, theft by taking, driving with a suspended license, and no proof of insurance. Mathis claims the trial court erred by excluding the out-of-court statement of a witness who was unavailable to testify at trial. Finding no abuse of discretion, we affirm.

The Royal Lakes Golf & Country Club maintenance building and a van parked behind it were burglarized during the evening of December 14 or the early morning of December 15, 1998. A number of items were stolen. Later on December 15, an abandoned car was found containing the stolen items. The car belonged to Mathis.

Officer Shane Dalton later interviewed Mathis. According to Dalton, Mathis said he had left his car at his roommate's house before the country club burglaries and that someone must have taken it. He denied committing the burglaries but admitted driving with a suspended license and without insurance. Mathis also told Dalton he had been staying with Joshua LaFrancis around the time of the burglaries.

Dalton testified that he had then interviewed LaFrancis. Mathis's attorney tried to question Dalton about LaFrancis's statement, but the prosecutor objected on hearsay grounds. Mathis's attorney argued that LaFrancis was unavailable and that his statement should be admissible under the necessity exception to the hearsay rule.[1] The trial court excluded the statement because, among

---

[1] In the statement, LaFrancis told Dalton that he was an acquaintance of Mathis, that Mathis had walked to his house the day before the burglaries and spent the night, and that he had not seen Mathis's car.

other reasons, Mathis had not acted diligently to find LaFrancis.[2]

In order for a party to introduce an out-of-court statement under the necessity exception to the hearsay rule, (1) the declarant must be dead or unavailable, (2) there must be particular guarantees of trustworthiness, (3) the statement must be relevant to a material fact, and (4) the statement must be more probative on that material fact than other evidence that may be procured and offered.[3] To satisfy the first prong of the necessity exception with respect to a live declarant, the party seeking to admit the statement must show that he made a reasonable effort to find the declarant.[4] "It is within the sound discretion of the trial court to determine . . . a party's diligence in searching for [a] witness," and we will not disturb that determination absent a "manifest abuse of discretion."[5]

In this case, the State included LaFrancis on its witness list and provided his address. Mathis's attorney told the trial court that he went to that address and spoke with LaFrancis's mother, who said she did not want her young son involved in the matter. Defense counsel left a subpoena for LaFrancis with his mother in the hope she would give it to her son. He said he later learned from the State that LaFrancis had moved to Michigan and that the State could not find him. The attorney made no further effort to locate LaFrancis.

We find no manifest abuse of discretion in the trial court's ruling. Rather than try to serve LaFrancis personally, Mathis's attorney left the subpoena with his mother. Upon learning LaFrancis had moved to Michigan, counsel stopped looking for him. Although he argues that his resources as appointed counsel were limited, he gave the trial court no explanation for his failure to take even simple, inexpensive steps to find LaFrancis's new address, such as asking LaFrancis's mother for it or calling directory assistance in Michigan.[6] He told the trial court that the State had not been able to find LaFrancis, but did not explain what efforts the State had undertaken. Thus, there is no indication in the record that LaFrancis would have been particularly difficult to find or that he was trying to avoid testifying or evade a subpoena.[7] As the State points out in its

---

[2] The trial court also found that the statement lacked guarantees of trustworthiness, but we need not reach that issue in light of our ruling below.

[3] *Holmes v. State*, 271 Ga. 138-139 (2) (516 SE2d 61) (1999).

[4] Id. at 139.

[5] (Footnotes omitted.) *Battle v. State*, 244 Ga. App. 771, 774 (536 SE2d 761) (2000).

[6] See *Rosser v. State*, 211 Ga. App. 402, 405 (1) (439 SE2d 72) (1993) (reversing trial court's determination that witness was unavailable where State spent only four and one-half hours searching for her), disapproved on other grounds, *Livingston v. State*, 268 Ga. 205, 209 (1) (486 SE2d 845) (1997).

[7] Compare *Battle v. State*, supra (witness was deemed unavailable where State spent six months trying to find her, including making seven or eight trips to her last known address and contacting authorities in jurisdiction where she had moved to "have her forcibly

brief, Mathis could have sought a continuance if he needed more time to search and could have applied to the court for funds if additional investigation proved costly.

Under the circumstances here, we will not second-guess the trial court's determination that Mathis did not expend reasonable efforts to find LaFrancis.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 3, 2001.

*Maddox, Cummings & Kelley, W. Andrew Maddox,* for appellant.
*Lydia J. Sartain, District Attorney, Lindsay H. Messick, Assistant District Attorney,* for appellee.

---

returned to testify"); *Lane v. Tift County Hosp. Auth.,* 228 Ga. App. 554, 561 (2) (492 SE2d 317) (1997) ("When a witness cannot be found after diligent search because [he is] hiding to avoid testifying, necessity has been shown. [Cit.]").