A03A2476. FERNANDEZ v. THE STATE.
(589 SE2d 309)

ELLINGTON, Judge.

A Muscogee County jury convicted Mark Fernandez of two counts of armed robbery, OCGA § 16-8-41; attempted armed robbery, OCGA § 16-4-1 (criminal attempt); and three counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106. Following the denial of his motion for new trial, Fernandez appeals, contending the trial court erred in admitting hearsay evidence and evidence of bad character and in commenting on the evidence. Finding no error, we affirm.

Viewed in the light most favorable to the prosecution,[1] the record shows the following. At about 2:45 a.m. on November 30, 2001, Fernandez, wearing a black mask and black gloves and carrying a silver pistol, tried to enter a convenience store. Fernandez's accomplice, Michael Kimbrough, waited in Fernandez's car. The store's door was locked, and Fernandez ran back to the car. About 25 minutes later, Kimbrough, acting on Fernandez's instruction and wearing the mask and gloves and carrying the pistol, robbed another nearby convenience store. About 20-30 minutes later, Fernandez, again wearing the mask and gloves and carrying the pistol, robbed a third convenience store. Within minutes, officers arrested Fernandez and Kimbrough during a traffic stop. In the car, officers found the mask, gloves, gun, and proceeds of the robberies.

On the State's motion, and after hearing evidence of the State's unsuccessful efforts to locate the victim of the first completed robbery, the trial court ruled before trial that the victim was unavailable and that testimony regarding his out-of-court statements would be allowed under the necessity exception to the hearsay rule. Over Fernandez's renewed objection at trial, the State authenticated the videotape taken by the store's security camera by having the investigator testify as to the victim's statement that the videotape accurately portrayed the events depicted. Kimbrough, who planned to

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

plead guilty to one count of armed robbery, testified for the State at trial. Fernandez testified in his own defense.

1. In challenging the hearsay testimony admitted to authenticate the videotape of the first completed robbery, Fernandez contends the trial court erred in ruling that the State conducted a reasonably diligent search for the victim. Specifically, Fernandez argues the State's failure to contact the Georgia Department of Labor precluded a finding of due diligence.

Under OCGA § 24-4-48 (b),

> Subject to any other valid objection, . . . videotapes . . . shall be admissible in evidence when necessitated by the unavailability of a witness who can provide personal authentication and when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered.

Because the victim was a living declarant, the State was required to show that it made "a reasonable effort" to find him. *Mathis v. State*, 251 Ga. App. 706, 707 (555 SE2d 86) (2001). See *Phagan v. State*, 268 Ga. 272, 280-281 (5) (486 SE2d 876) (1997) (method for authenticating evidence under OCGA § 24-4-48 parallels method for admitting hearsay when the declarant is "unavailable"). "It is within the sound discretion of the trial court to determine a party's diligence in searching for a witness, and we will not disturb that determination absent a manifest abuse of discretion." (Punctuation and footnote omitted.) *Mathis v. State*, 251 Ga. App. at 707.

In this case, an investigator testified that the victim had moved from his last known address. The investigator spoke with several employees at the store where the victim worked, and they indicated the victim had moved out of state. None of those contacts had an address, telephone number, or relative's name to reach the victim. The victim's former landlord had no forwarding address. The investigator could not locate a number or address for the victim or his girlfriend through telephone information or local utility companies. In light of these facts, the trial court was authorized to find the State exercised due diligence in searching for the victim. Accordingly, we find no abuse of discretion in the trial court's admission of the victim's out-of-court statements. *Battle v. State*, 244 Ga. App. 771, 774 (536 SE2d 761) (2000).

2. Fernandez contends the trial court abused its discretion in denying a motion for mistrial after the State elicited on cross-examination evidence of Fernandez's prior conviction. See OCGA § 24-9-20 (b) ("If a defendant testifies . . . no evidence of general bad

character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."). "We review a trial court's denial of a motion for a mistrial based on the injection of improper character evidence for manifest abuse of the court's discretion." (Footnote omitted.) *Torres v. State*, 258 Ga. App. 393, 395 (574 SE2d 438) (2002). In this case, the following exchange took place:

> Prosecutor: [D]o you recall when you had a bond hearing[?]
> Fernandez: Yes, ma'am.
> Prosecutor: And [the judge] denied you a bond.
> Fernandez: Yes, ma'am.
> Prosecutor: Do you remember testifying to him?
> Fernandez: Because I had family that lived out of state.
> Prosecutor: Oh, that was the only reason? Do you want to go into the other reasons?
> Fernandez: And because of a probation violation.

The trial court denied Fernandez's motion for mistrial but sustained his objection and instructed the prosecutor to avoid the subject. Fernandez did not renew his motion for mistrial after the trial court's purported corrective action. See *Frazier v. State*, 247 Ga. App. 500 (544 SE2d 198) (2001) (where trial court takes "corrective action," such as telling prosecutor to stay away from an objectionable issue, any error in denial of a defendant's motion for mistrial is waived by failure to renew the objection or motion). The prosecutor went on to pursue her original course of questioning, which was to impeach Fernandez by showing he lied at the bond hearing by failing to disclose his previous employment at a convenience store.

When a defendant testifies and volunteers information about his prior criminal conduct, "he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b)" such that the State can introduce evidence of the defendant's entire criminal history. *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). See generally Daniel's Ga. Handbook on Criminal Evidence, § 4-42 (2003 ed.). By so testifying, however, the defendant has raised an issue, that is, the specific conviction or other criminal conduct referenced, "which may be fully explored by the State on cross-examination." (Citation omitted.) *Jones v. State*, 257 Ga. at 759 (1) (b). In this case, the prosecutor did not ask Fernandez why he was denied bond; Fernandez answered a preliminary question nonresponsively and volunteered one reason he was denied bond. At that point, the State was entitled to explore the issue on cross-examination. Id. Because the State did not improperly introduce the issue of Fernandez's probation violation, the trial

court did not abuse its discretion in denying Fernandez's motion for a mistrial. *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

3. Fernandez contends the trial court abused its discretion in denying a motion for mistrial after the trial court admonished his counsel during closing argument. Fernandez argues that the court's comments to counsel violated OCGA § 17-8-57, which prohibits a judge in a criminal case from intimating his opinion "as to what has or has not been proved or as to the guilt of the accused." The record in this case shows that the State objected, on the basis that counsel's argument reflected facts not in evidence, to the suggestion that Fernandez's co-defendant, Kimbrough, was testifying to get a lighter sentence. Fernandez's counsel argued to the court that he was making a permissible inference. Without granting the State's objection, the trial court reminded Fernandez's counsel to confine his arguments to facts in evidence.[2] The comment challenged here did not constitute a statement of opinion either as to proof or as to guilt, and thus did not impermissibly bolster any witness' credibility. *Najmaister v. State*, 196 Ga. App. 345 (1) (a) (396 SE2d 71) (1990). Accordingly, the trial court did not abuse its discretion in denying Fernandez's motion for a mistrial. Id.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 23, 2003.

*William P. Nash, Jr., Michael E. Garner*, for appellant.
*J. Gray Conger, District Attorney, Michele C. Ivey, Assistant District Attorney*, for appellee.

---

[2] The trial court's entire comment was as follows:
Yes, sir, I know what the law is. Don't lecture me about the law. Listen to me just a minute. It's one thing to make a valid inference. It's another thing to say something that's not correct. Now, we're not talking about, you know, cars and this, that and the other. We're talking about the court. We're talking about plea bargaining. We're talking about what lawyers discuss between their clients and what's presented to the judge. Now, I'm not going to lecture you about it[,] and I'm not going to say any more, but I want to bring that to your attention and ask you to be careful with what kind of remarks you make to the jury and what inferences you place in the minds of the jury. Do you understand what I'm saying?
At this point, the court sent the jury out of the courtroom to hear Fernandez's motion for a mistrial.