A05A2310. NETTLES v. THE STATE.
(623 SE2d 140)

MILLER, Judge.

Clarence Nettles was convicted of trafficking in cocaine. Nettles now appeals, arguing that the trial court erred when it denied his motion for mistrial, made after evidence of a prior conviction was introduced. We affirm.

---

[11] See Division 1, supra.

Viewed in the light most favorable to the verdict, the evidence showed that a confidential informant identified Nettles as one of the intended recipients of a quantity of cocaine received from California. Using the informant, police arranged the delivery of two kilos of cocaine to Nettles in exchange for $12,400. After the informant and Nettles had several conversations concerning the drug deal, the two met at a Waffle House and made the exchange, which was witnessed by several police officers. Nettles was arrested after attempting to flee.

Following the presentation of the State's case, Nettles presented no evidence but did request a jury instruction on the defense of entrapment. The court agreed to give the instruction. The court also reopened the evidence and allowed the State to present in rebuttal Nettles's prior drug conviction and testimony of his involvement in other drug deals. At the close of trial, the court instructed the jury that the prior conviction and additional testimony were being admitted only for the limited purpose of rebutting the defense of entrapment. After closing arguments, however, the trial court reversed its earlier ruling and instructed the jury as follows:

> I admitted what was purported to be a prior conviction of the defendant for — and I gave you a limiting instruction and said it was only to rebut the entrapment defense. Upon looking at the issue further and looking at the exhibit, I have decided that it is not admissible for any purpose at all, even if it were such, and not for the limited purpose that I told you of rebutting that exhibit. I am telling you that you may not consider it for any purpose whatsoever, and you should draw no inference or conclusion from the fact [that] I have changed my ruling. From time to time those things happen, and I would rather do so and be as accurate for both the State and the defense as I can. What was purported to be an exhibit is hereby withdrawn, and you're instructed to disregard.

In effect, the court told the jury not to consider the character evidence. Nettles then moved for a mistrial on the ground that the court's subsequent instruction to disregard the improper character evidence was insufficient to cure the harm. He appeals from the denial of that motion.

"We review a trial court's denial of a motion for a mistrial based on the injection of improper character evidence for manifest abuse of the court's discretion." (Citation and punctuation omitted.) *Fernandez v. State*, 263 Ga. App. 750, 752 (2) (589 SE2d 309) (2003). Generally, "similar transaction evidence may be admitted to rebut the defense of entrapment, *insofar as the evidence proves the falsity of*

*specific testimony of the defendant regarding his lack of predisposition to commit the crime.*" (Footnote omitted; emphasis supplied.) *Gober v. State*, 249 Ga. App. 168, 175 (9) (547 SE2d 656) (2001); see *White v. State*, 244 Ga. App. 475, 476 (1) (536 SE2d 180) (2000) (when a defendant raises the defense of entrapment and testifies to it at trial, it is the State's burden to disprove the defense beyond a reasonable doubt). Here, because Nettles presented no testimony in support of an entrapment defense, the State had no basis on which to admit his prior conviction and evidence of his prior drug deals in rebuttal. Thus the court erred in allowing the admission of this evidence.

Nevertheless, a defendant must show harm as well as error. *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997). In light of the overwhelming evidence of Nettles's guilt and the detailed curative instruction given to the jury, we find it highly unlikely that any error in the admission of the character evidence contributed to Nettles's conviction. See *Giraudy v. State*, 252 Ga. App. 219, 221 (3) (555 SE2d 874) (2001) (unlikely that error in admitting similar transaction contributed to defendant's conviction where the overwhelming evidence showed that defendant sold cocaine to a confidential informant); *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559) (1992) (erroneous admission of similar transaction harmless where evidence of defendant's guilt was uncontroverted and overwhelming). The trial court did not manifestly abuse its discretion in denying Nettles's motion for mistrial.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Stephany J. Lewis, Assistant District Attorneys*, for appellee.