A06A0060. JONES v. THE STATE.

(630 SE2d 643)

MILLER, Judge.

Following a jury trial, Tavarious Jones was convicted of one count of aggravated assault and one count of possession of a firearm by a convicted felon. Jones appeals, contending that the trial court erred in charging the jury on justification and denying his motion for a mistrial; and contending that he received ineffective assistance of counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Jones got into an argument with Carlos Wilson. Wilson retreated into his home when Jones pulled out a handgun. When Wilson's brother appeared on the scene to investigate, Jones opened fire, wounding the man.

1. Jones contends that the trial court's jury charge on justification was erroneous in that it was tailored as a defense to homicide rather than to the offenses of which he was convicted, aggravated assault and possession of a firearm by a convicted felon. We disagree.

In support of his claim, Jones points to isolated portions of the jury charge in which the trial court charged justification in the context of homicide. However, the trial court also charged the jury, "If you find that the defendant's conduct was justified, this is a defense to prosecution for *any crime* based on that conduct." (Emphasis supplied.) The trial court otherwise charged justification generally. Further, the charge specified the particular acts constituting the offense of which Jones was convicted and informed the jurors that the State must prove every material allegation in the indictment beyond a reasonable doubt. Under these circumstances, the trial court's

justification charge was proper. See *Minter v. State*, 245 Ga. App. 327, 330 (3) (537 SE2d 769) (2000) ("[W]hen evaluating alleged error, the charge must be considered as a whole, rather than reviewed piecemeal. [Cit.]").

2. Next, Jones claims error in the trial court's denial of his motion for mistrial based on the introduction of alleged improper character evidence. Jones argues that a homicide detective improperly placed his character into evidence by testifying (a) that another detective knew Jones by his nickname, (b) that Jones' co-defendant was in a "gang assist" data bank, and (c) that he ran criminal background checks on Jones and his co-defendant in the process of trying to apprehend them. These contentions are without merit.

"We review a trial court's denial of a motion for a mistrial based on the injection of improper character evidence for manifest abuse of the court's discretion." (Citation and punctuation omitted.) *Fernandez v. State*, 263 Ga. App. 750, 752 (2) (589 SE2d 309) (2003); *Nettles v. State*, 276 Ga. App. 259, 260 (623 SE2d 140) (2005).

(a) That another detective knew Jones as "T-Roc" says nothing about his prior arrests, convictions, or criminal history. "The mere fact that [an] officer knows a defendant by his street name[, as here,] does not suggest bad character. Similarly, the fact that [an] officer is familiar with a defendant does not necessarily suggest prior criminal conduct and does not require a mistrial." (Punctuation and footnotes omitted.) *Carter v. State*, 261 Ga. App. 204, 207 (2) (583 SE2d 126) (2003).

(b) Jones failed to renew his motion for mistrial when, in lieu of a curative instruction, the State's attorney asked further questions of the detective on direct, this establishing that the detective's reference to the alias "Linton Blackwell" was used by Jones' co-defendant, not Jones. Accordingly, this issue is waived on appeal. See *Nowill v. State*, 271 Ga. App. 254, 255 (1) (609 SE2d 188) (2005) ("Where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, . . . he must renew the objection or motion; otherwise, the issue is waived.") (punctuation and footnote omitted).

(c) The fact that the detective ran a criminal background check on Jones and his co-defendant does not implicate Jones' character. Consequently, no error obtained on this account. See, e.g., *Savage v. State*, 264 Ga. App. 709, 710 (1) (592 SE2d 188) (2003) ("Even the admission into evidence of a 'mug shot' of the defendant does not inject his character into evidence.").

In light of the foregoing, the trial court did not manifestly abuse its discretion in denying Jones' motion for mistrial.

3. Jones asserts that he received ineffective assistance of counsel because his trial counsel failed to object to the justification charge to

ensure that it would properly apply to the offenses of which he was convicted. As we held in Division 1, however, the trial court's charge on justification was proper. Therefore, counsel's failure to object to the charge did not amount to ineffective assistance. *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 28, 2006.

*Virginia W. Tinkler*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.