A10A0704. RUCKER v. THE STATE.
(695 SE2d 711)

MILLER, Chief Judge.

A Cobb County jury convicted William Tyrone Rucker of two counts of aggravated assault (OCGA § 16-5-21 (a) (2)) and one count of criminal damage to property in the first degree (OCGA § 16-7-22 (a) (1)). Rucker filed a motion for new trial, which the trial court denied. Rucker appeals, arguing that (i) the evidence was insufficient to support his convictions for aggravated assault; (ii) the trial court erred in admitting several prior convictions and bad character evidence; (iii) trial counsel was ineffective in allowing the admission of hearsay evidence at his sentencing hearing; and (iv) the trial court improperly relied on the pre-sentence investigation to lengthen his sentence. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Smith v. State*, 269 Ga. App. 17 (1) (602 SE2d 921) (2004)), the record shows that on December 26, 2006, Rucker picked up his neighbor, Ralph Thomas, from his apartment at Ashley Mill Apartments ("Ashley Mill") and drove to a nearby QuikTrip to purchase some drinks and cigars. That same evening, Robert Robinson and his childhood friend, Steven Merritt, were visiting Robinson's girlfriend, Cristan Bridges, at her apartment in Ashley Mill. Thereafter, Robinson and Merritt left in Robinson's vehicle to purchase some beer at the QuikTrip. As Robinson pulled his car into the QuikTrip and backed his car into a parking space, he saw another vehicle behind him,

which he almost struck. Thereafter, Rucker approached Robinson's car, banged on the driver's side window, and cursed Robinson for cutting him off earlier. Robinson apologized to Rucker for cutting him off, and after Robinson and Merritt got out of their car, Robinson again apologized to Rucker and Thomas, who were standing outside the store entrance. The four men entered the store, and once inside, Rucker continued to berate Robinson and Merritt about the incident, yelling obscenities, despite Robinson's repeated apologies. Rucker walked outside the store and continued to yell at Robinson and Merritt from the entrance door, taunting them to come outside, but the two ignored Rucker.

A Cobb County deputy officer, who was sitting in her patrol vehicle at the QuikTrip, observed Rucker leave the store and approached him. After she asked him to calm down and go home, Rucker and Thomas left the QuikTrip and returned to Ashley Mill. Shortly thereafter, Robinson and Merritt left the QuikTrip and returned to Ashley Mill after a brief stop at Robinson's home. When Robinson pulled into Ashley Mill to return to Bridges' apartment, he observed Thomas walking in their direction. Robinson again apologized for the incident, and Thomas told him that everything was okay and not to worry about it. Robinson and Merritt then walked up to Bridges' apartment, and after Robinson knocked on her door, they heard a scuffle, followed by a gunshot. When the men turned around, Rucker was standing in close proximity, pointing a gun at them. Rucker fired three or four shots at Robinson and Merritt, one of which struck Merritt in the back of the leg, causing him to fall down the stairs. Robinson and Merritt testified that they were unarmed when approached by Rucker. Testifying on his own behalf, Rucker stated that he fired at Merritt in self-defense after Merritt approached him with his gun drawn.

1. Rucker's claim to the contrary notwithstanding, the foregoing evidence was sufficient to find Rucker guilty beyond a reasonable doubt of two counts of aggravated assault.

In order to prove the offense of aggravated assault, the State must show that Rucker (1) committed an assault and (2) that he did so with a deadly weapon. OCGA § 16-5-21 (a) (2). "A person commits the offense of simple assault when he . . . either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a).

Based on Robinson and Merritt's testimony, a rational trier of fact could conclude that Rucker committed aggravated assault upon both men by pointing his gun at them and shooting in their direction, placing them in reasonable apprehension of receiving a violent injury. See *Dukes v. State*, 264 Ga. App. 820, 823-824 (4) (592 SE2d

473) (2003) (a rational trier of fact could find that defendant committed the offense of aggravated assault by shooting his gun toward the victim); OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Although Rucker testified that he only fired at Merritt in self-defense after Merritt approached him with his gun drawn, the jury was entitled to credit the victims' testimony that they were unarmed and Rucker was the aggressor. *Hall v. State*, 292 Ga. App. 544, 547 (1) (664 SE2d 882) (2008) (in determining whether the defendant committed aggravated assault by choking the victim, "the jury was authorized to resolve the evidentiary conflicts in the victim's favor") (citation, punctuation and footnote omitted).

2. Rucker claims that the trial court erred in admitting a prior criminal recklessness conviction for impeachment, several prior convictions, despite the State's failure to prove that his guilty pleas to the underlying convictions were entered upon the advice of counsel, and testimony from two officers about their familiarity with Rucker.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation omitted.) *Carswell v. State*, 263 Ga. App. 833, 834 (2) (589 SE2d 605) (2003).

(a) Findings required by OCGA § 24-9-84.1 (a) (2). Rucker contends that because the trial court failed to make an express finding that the probative value of his 1999 criminal recklessness conviction in Indiana outweighed its prejudicial effect, as required by OCGA § 24-9-84.1 (a) (2), it erred in admitting such conviction for impeachment. We find no reversible error in the trial court's admission of such conviction.

In *Quiroz v. State*, 291 Ga. App. 423 (662 SE2d 235) (2008), this Court held that before admitting a prior conviction for impeachment under OCGA § 24-9-84.1 (a) (2), the trial court must make express findings on the record that the probative value of the conviction substantially outweighs its prejudicial effect, taking into account relevant factors, such as the type of felony involved, the date of the conviction, and the importance of the witness' credibility.[1] Id. at 427-428 (4). Here, the trial court considered the relevant factors and determined that the probative value of Rucker's criminal recklessness conviction outweighed its prejudicial effect. Assuming arguendo

---

[1] Although *Quiroz* was decided in May 2008 and Rucker's trial occurred in April 2007, *Quiroz* applies retroactively in this case under the "pipeline" rule, which provides that "a new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final." (Citation and footnote omitted.) *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992).

that the trial court's finding was incorrect, given the overwhelming evidence of Rucker's guilt (see Division 1, supra), we conclude that any such error was harmless. See *Vincent v. State*, 210 Ga. App. 6, 7 (2) (435 SE2d 222) (1993) ("Where the evidence of guilt is overwhelming, the possibility that the error contributed to the conviction is negated.") (citations omitted).

(b) Validity of prior convictions. Rucker argues that the trial court erred in admitting his criminal recklessness conviction for impeachment and this and other convictions in aggravation of punishment without adequate proof that he was represented by counsel when he entered the guilty pleas underlying the convictions. We disagree.

(i) Criminal recklessness conviction. At trial, the State produced a certified copy of the change of plea order from Indiana for Rucker's 1999 conviction for criminal recklessness, which showed that Rucker was represented by counsel and was properly advised of his constitutional rights prior to the entry of his plea and sentence on August 3, 1999 and November 18, 1999, respectively. Accordingly, we find no error. Compare *Loper v. Beto*, 405 U. S. 473, 483 (92 SC 1014, 31 LE2d 374) (1972) (uncounseled convictions cannot be used to impeach a defendant).

At the sentencing hearing, the trial court admitted the foregoing plea order evidencing Rucker's guilty plea to criminal recklessness, in aggravation of punishment and for recidivist treatment, without objection from trial counsel. OCGA §§ 17-10-2 (a) (1); 17-10-7. Thus, Rucker waived the right to challenge the admission of such conviction. See *Thompson v. State*, 294 Ga. App. 768, 770 (2) (670 SE2d 226) (2008).

(ii) Other convictions for use in aggravation of punishment. Rucker concedes that *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), governs the allocation of the burden of proof when a recidivist defendant challenges the validity of a prior conviction based upon a guilty plea. In *Nash*, our Supreme Court held that when the State seeks to impose a recidivist sentence, "the burden is on the State to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted." Id. at 285.

During the sentencing hearing, for purposes of aggravation of punishment and recidivist treatment, the State also introduced certified copies of documents evidencing the following Indiana convictions over trial counsel's objections: a 1993 possession of cocaine conviction, a 1996 misdemeanor battery conviction, a 2000 misdemeanor resisting law enforcement conviction, a 1996 misdemeanor disorderly conduct conviction, and a 1999 misdemeanor common

nuisance conviction. These records also showed that Rucker was represented by counsel when he entered his guilty pleas to such crimes. Once the State proved the existence of the guilty pleas and that Rucker was represented by counsel when he entered them, the burden then shifted to Rucker to affirmatively show "an infringement of his rights or a procedural irregularity in the taking of his plea" with regard to the entry of the prior plea. *Nash*, supra, 271 Ga. at 285. Rather than introducing a plea transcript or his own testimony establishing that his plea was not knowingly and intelligently entered, Rucker's counsel objected to the sufficiency of proof for his possession of cocaine conviction because the conviction did not bear his or his trial counsel's signature. Such objection did not satisfy Rucker's burden of production. "Absent [an] affirmative showing [that Rucker's plea was not voluntary], a trial court is entitled to rely on a 'presumption of regularity' with regard to the plea process." (Citations and punctuation omitted.) *Donaldson v. State*, 244 Ga. App. 89, 92 (5) (b) (534 SE2d 839) (2000).

With respect to Rucker's prior convictions for misdemeanor battery and common nuisance, trial counsel objected to their admission without specifying the ground for his objection. This portion of Rucker's claim is waived. See *Hunter v. State*, 202 Ga. App. 195, 197 (413 SE2d 526) (1991). Although trial counsel objected to the admission of Rucker's prior convictions for misdemeanor resisting law enforcement and disorderly conduct on the ground that the State's proof was insufficient to show that Rucker was, in fact, convicted of such crimes, Rucker has waived the right to argue on appeal that he was not represented by counsel. See *Dix v. State*, 246 Ga. App. 338, 340 (2), n. 7 (540 SE2d 294) (2000) ("A trial objection on a specific ground waives appellate review of other grounds.") (citation and punctuation omitted).

(iii) *Officers' testimony about their familiarity with Rucker.* Rucker argues that the trial court improperly permitted his character to be placed in issue by allowing two officers to testify about their familiarity with him. We disagree.

Here, when the State asked Officer Allen Williams whether he was "familiar with [Rucker] by name[,]" he responded, "Yes, I am." Rucker's counsel objected, and outside the presence of the jury, moved for a mistrial, arguing that because Officer Williams was a police officer who was familiar with Rucker, Rucker's character was improperly placed in issue. The trial court denied Rucker's motion for mistrial and ruled that the officer could testify that he was familiar with Rucker because he was from Muncie, Indiana, and the officer knew Rucker and his family. Officer Williams gave testimony consistent with the trial court's ruling, and also indicated that he had been familiar with Rucker for "12 to 15 years." Similarly, Officer

Ronald Locke testified that Rucker was from Muncie and he was familiar with Rucker because he had "talked to [Rucker] quite a few times over the years."

We find no abuse of discretion in the trial court's admission of such testimony because "[t]he mere fact that an officer ... is familiar with a defendant does not necessarily suggest prior criminal conduct[.]" (Citation and punctuation omitted.) *Jones v. State*, 279 Ga. App. 139, 140 (2) (a) (630 SE2d 643) (2006).

3. Rucker argues that trial counsel was ineffective in (i) requesting a pre-sentence investigation and failing to object to hearsay evidence of his arrests contained therein, and (ii) failing to object to Lashonda Jernigan's hearsay testimony about his prior arrests. We disagree.

On a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000). "In order to succeed on a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different." (Citations omitted.) *Martin v. State*, 281 Ga. 778, 780 (3) (642 SE2d 837) (2007).

(a) Pre-sentence investigation. At the hearing on the motion for new trial, Rucker's trial counsel testified that, for strategic reasons, he requested a pre-sentence investigation ("PSI") to present mitigating information that Rucker had a good job, attended church, and was a family man who supported his dependents. The PSI listed forty-three arrests, eight of which resulted in convictions, and six of those convictions were introduced at sentencing in aggravation of punishment. Although trial counsel was familiar with Rucker's arrest history through discovery, he believed that "the evidence in mitigation would far outweigh the listing of the charges in the [PSI]" and did not object to hearsay evidence of Rucker's arrests, believing the trial court would consider admissible evidence only. Since trial counsel's decision to request the PSI in order to present mitigating evidence and failure to assert a hearsay objection were matters of reasonable trial strategy, the trial court's finding that Rucker was afforded effective assistance of counsel is supported by the record. *Blackford v. State*, 251 Ga. App. 324, 329 (4) (554 SE2d 290) (2001) ("strategic decisions at trial are the exclusive province of the lawyer").

(b) Lashonda Jernigan's testimony. Rucker argues that his trial counsel was ineffective in failing to object to Lashonda Jernigan's

hearsay testimony about his prior arrests, as to which she had no knowledge. This claim lacks merit.

We need not consider whether Jernigan's testimony was hearsay, as there was no evidence that the trial court considered her testimony about Rucker's arrests in imposing its sentence. As such, Rucker has not shown a reasonable probability that his sentence would have been different but for trial counsel's failure to object to Jernigan's testimony. *Martin*, supra, 281 Ga. App. at 780 (3); see also *Wright v. State*, 265 Ga. App. 188, 191 (3) (b) (593 SE2d 391) (2004).

4. Rucker argues that the trial court improperly relied on the PSI to lengthen his sentence. We disagree.

"Trial courts are permitted to consider [PSIs] when deciding whether to suspend or probate all or part of a sentence, although such reports cannot be used to determine the length of a sentence." (Citations omitted.) *Denny v. State*, 226 Ga. App. 432, 436 (13) (486 SE2d 417) (1997). Inasmuch as "the transcript does not affirmatively show that the trial court used the [PSI] for the unlawful purpose of increasing the sentence, . . . no cause for reversal is shown." (Citation, punctuation and footnote omitted). *Palmer v. State*, 248 Ga. App. 515, 518 (4) (546 SE2d 886) (2001); *Denny*, supra, 226 Ga. App. at 436 (13).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 25, 2010 — 

*Brown & Gill, Angela B. Dillon*, for appellant.

*Patrick H. Head, District Attorney, Albert T. Reeves, Jr., Amelia G. Pray, Assistant District Attorneys*, for appellee.