## A11A0488. MOORE v. THE STATE.
### (712 SE2d 126)

DILLARD, Judge.

Rodney Moore was found guilty by a jury on one count of possessing cocaine with intent to distribute, one count of possessing cocaine, one count of failure to use a turn signal, one count of escaping from law enforcement, and two counts of obstruction. Moore appeals these convictions, arguing that the trial court erred in failing to grant a mistrial after the admission of improper character evidence and inadmissible hearsay. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that Barrow County sheriff's deputies were investigating a suspicious person on the side of a road when they noticed Moore's vehicle make a left turn without signaling. As the deputies initiated a stop, they observed a white object being thrown from the passenger-side window of Moore's vehicle.

After the vehicle stopped, the deputies noticed that Moore was driving with two passengers inside. One of the deputies then located the white object that had been thrown from the car—a small bag containing a substance that later tested positive for cocaine; and another deputy discovered a larger bag containing ten small individual bags of what was later determined to be cocaine, approximately three to five feet from the driver's side of the vehicle. Thereafter, the deputies began an investigation to determine which of the occupants had been in possession of the cocaine.

During the course of this investigation, Moore confessed that all of the cocaine belonged to him and not his passengers.[2] One of the deputies also phoned a known drug user who lived in the neighborhood Moore's vehicle was seen exiting, and this individual informed the deputy that Moore had just stopped by his residence to sell him "dope." The deputy testified that this information contributed to

---

[1] *See, e.g., Walker v. State*, 296 Ga. App. 531, 532 (675 SE2d 270) (2009) ("This Court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient[.]" (citation and footnote omitted)).

[2] The trial court held a *Jackson-Denno* hearing and determined that Moore's post-*Miranda* confession was voluntary. Moore does not contest the admissibility of this confession on appeal.

Moore being arrested for possession with intent to distribute.

While Moore was handcuffed in the back of a patrol car and the deputies were having his car towed, he managed to roll down the window, open the back door, and flee from the scene. Deputies gave chase, but eventually lost Moore in the woods. Later that day, however, an anonymous call led deputies to the known drug user's home, where Moore had taken refuge. Moore, however, was once again able to elude capture by fleeing from the home. Approximately one month later, deputies received yet another anonymous tip, which led them to Moore's hiding place at a different home. Moore again attempted to escape, but was ultimately found hiding under a sofa in the garage.

Thereafter, Moore was tried by a jury, convicted on all of the counts enumerated supra, and sentenced to nineteen years imprisonment (ten to serve). This appeal follows.

1. Moore's first contention of error is that the trial court improperly allowed the admission of character evidence when sheriff's deputies mentioned his previous run-ins with the law. We disagree.

At the outset, we note that "[t]he decision to deny a mistrial is within the trial court's discretion, and we will not reverse it unless the grant of a mistrial is necessary to preserve the right to a fair trial."[3] And here, Moore moved for a mistrial when State witnesses referenced his past interactions with law enforcement. Specifically, these witnesses gave testimony as to their (1) familiarity with Moore's vehicle from "previous investigations," (2) personal knowledge that the known drug user called by the police was associated with Moore, and (3) personal knowledge that Moore had multiple run-ins with law enforcement in escaping. As to the first two references, the trial court immediately denied the motions for mistrial. As to the third reference, the court delayed ruling, but then denied Moore's motion after deciding that the witness responsible for such testimony could retake the stand to clarify that his testimony referred only to the incidents prior to Moore's eventual capture (for the events in question).[4]

On appeal, Moore contends that the deputies' statements were more than mere passing references and were instead repeated

---

[3] *McCain v. State*, 292 Ga. App. 886, 887 (665 SE2d 912) (2008) (footnote and punctuation omitted); *see also Jones v. State*, 279 Ga. App. 139, 140 (2) (630 SE2d 643) (2006) ("We review a trial court's denial of a motion for a mistrial based on the injection of improper character evidence for manifest abuse of the court's discretion." (citations and punctuation omitted)).

[4] The trial court also offered to give a curative instruction to the jury regarding the officer's statement about Moore's prior "run-ins" with law enforcement, but his defense counsel chose not to accept this offer.

commentary that placed his character squarely at issue. We disagree and find no abuse of discretion by the trial court in denying Moore's motions for a mistrial.[5]

We have previously held that an officer's testimony regarding general familiarity with a criminal defendant does not impermissibly place that defendant's character at issue because "the mere fact that an officer is familiar with a defendant does not necessarily suggest prior criminal conduct."[6] Additionally, none of the trial testimony at issue on appeal remotely suggested that Moore had ever been convicted of a past crime.[7] But even if we concluded that the challenged testimony by the officers impermissibly placed Moore's character at issue during his trial, any such error would be harmless due to the overwhelming evidence of Moore's guilt (as described supra and further discussed infra).[8] Accordingly, we find no reversible error on this contention.

2. Moore's second enumeration of error is that the trial court admitted impermissible hearsay testimony when it allowed a sheriff's deputy to testify that the known drug user said Moore was bringing him drugs but thereafter refused to permit the known drug user to testify regarding this conversation. We disagree.

At trial, the prosecution elicited testimony from a deputy describing his conversation with the known drug user during Moore's stop and investigation. According to the deputy, he asked the drug user to identify who had come by his home to sell him "dope,"[9] and the user responded with Moore's name. Moore immediately objected

---

[5] See Walker, 296 Ga. App. at 536-37 (2) (a) (holding that trial court did not abuse its discretion in denying five motions for mistrial after witnesses made passing references to defendant's previous jail time, a call to police after defendant beat a victim, and defendant's prior felony convictions).

[6] Rucker v. State, 304 Ga. App. 184, 189 (2) (b) (iii) (695 SE2d 711) (2010) (citation and punctuation omitted); see also Jones, 279 Ga. App. at 140 (2) (holding that defendant's character was not impermissibly placed in evidence by detective's testimony as to knowing defendant by a gang nickname, defendant's associate being in a gang data bank, and running criminal background checks on defendant and associate); Garrison v. State, 260 Ga. App. 788, 790 (3) (581 SE2d 357) (2003) ("Testimony that a defendant is known to the police does not impermissibly place the defendant's character into issue." (footnote and punctuation omitted)).

[7] See Carr v. State, 282 Ga. 698, 701-02 (3) (653 SE2d 472) (2007) (holding that although officer testified that defendant was "educated or familiar with the system," the testimony did not indicate that the defendant "had ever been convicted of a crime, or that she had even been a suspect in one").

[8] See Walker v. State, 282 Ga. 703, 705 (2) (653 SE2d 468) (2007) ("[S]uch error was harmless, as the evidence of [the defendant's] guilt was overwhelming and thus it is highly probable that the admission of the challenged testimony did not contribute to the verdict." (citation omitted)).

[9] The testimony at trial conflicted as to whether Moore had already stopped by the known drug user's home or whether he was on his way to that residence at the time he was pulled over by law enforcement.

to this testimony on the ground that the deputy's testimony was based on hearsay; however, the court overruled this objection because the drug user was, at that time, scheduled to testify on behalf of the State.

But before the known drug user could take the stand, he informed the trial court on the record—but outside the jury's presence—that he heard some of the deputy's testimony through the courtroom door.[10] This individual also explained to the court that while "dope" generally means anything illegal, and while he had assumed the deputy meant cocaine when he said "dope," Moore was actually bringing him marijuana. Moore then objected to this testimony as an unserved similar transaction, and the court ruled that the State would be prohibited from asking the known drug user about his conversation with the deputy on direct examination. In so ruling, however, the court indicated that Moore could still question the known drug user about the conversation and overruled his motion for mistrial. Thereafter, the known drug user testified only about the assistance he provided to Moore after Moore escaped from the patrol car, and Moore chose not to question the drug user about his conversation with the deputy.

Moore argues on appeal that the deputy's testimony regarding the conversation he had with the known drug user was hearsay. But pretermitting whether the deputy's prior testimony was inadmissible hearsay,[11] or whether the trial court otherwise erred by placing Moore in this position,[12] any such error was harmless given the

---

[10] The jury was informed that the witness heard testimony from outside the courtroom, and the court then instructed the jurors that they could consider that fact during their deliberations.

[11] *But see London v. State*, 274 Ga. 91, 94 (4) (b) (549 SE2d 394) (2001) (noting that "the United States Supreme Court ... has held that the constitutional requirements of the confrontation clause are satisfied when the hearsay declarant is present at trial and available for cross-examination" (citation omitted)); *Davis v. State*, 281 Ga. App. 855, 863 (7) (637 SE2d 431) (2006) ("As long as the declarant testifies at trial and is available for cross-examination by the defendant, the purpose behind the hearsay rule is satisfied with regard to his declarations." (footnote and punctuation omitted)); *Conley v. State*, 257 Ga. App. 563, 564 (1) (571 SE2d 554) (2002) ("[T]he modern trend regarding hearsay evidence is to allow the out-of-court declaration where the declarant is present and may be cross-examined." (footnote omitted)); *Bryant v. State*, 249 Ga. App. 383, 385 (4) (a) (547 SE2d 721) (2001) ("If defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible." (footnote and punctuation omitted)); *see also Quintanilla v. State*, 273 Ga. 20, 22 (3) (a) (537 SE2d 352) (2000); *Armstead v. State*, 255 Ga. App. 385, 389 (3) (565 SE2d 579) (2002); *Gregg v. State*, 201 Ga. App. 238, 241 (3) (c) (411 SE2d 65) (1991).

[12] *See, e.g., Williams v. State*, 273 Ga. App. 634, 635-36 (2) (615 SE2d 792) (2005) (explaining what the State must show before similar transaction evidence will be admissible at trial); *see also* OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."). *But see*

overwhelming evidence that Moore possessed cocaine with the intent to distribute it.[13] Indeed, the jury was presented with evidence that Moore was found with and admitted to possessing 7.87 grams of powder cocaine, that the cocaine was divided into individual bags, and that generally one gram of cocaine is sufficient for personal use. Thus, any error in the admission of the deputy's testimony was harmless and does not require reversal.[14]

Accordingly, for all the foregoing reasons, we affirm Moore's convictions.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 16, 2011.

*Kris K. Sikes*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

*Ellerbee v. State*, 247 Ga. App. 46, 51 (2) (b) (542 SE2d 146) (2000) ("Relevant extrinsic acts evidence is not rendered inadmissible despite its incidental tendency to discredit the character of the accused." (footnote omitted)).

[13] *Archer v. State*, 291 Ga. App. 175, 177-78 (2) (661 SE2d 230) (2008) ("The test for harmful error is whether it is highly probable that the error contributed to the verdict. In determining whether hearsay testimony is harmful, this court has found inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict." (footnote omitted)); *Strahan v. State*, 273 Ga. App. 116, 121 (2) (614 SE2d 227) (2005) ("The erroneous admission of similar transaction evidence . . . may be harmless error if the State presents such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict." (citation and punctuation omitted)). *Compare Render v. State*, 267 Ga. 848, 849-50 (2) (483 SE2d 570) (1997) (reversing conviction when evidence was not overwhelming); *Dixon v. State*, 173 Ga. App. 280, 282 (325 SE2d 893) (1985) (reversing conviction when hearsay testimony "comprised a considerable amount of new evidence against the defendant" and "nearly amount[ed] to an entire offer of proof").

[14] *See Singleton v. State*, 266 Ga. App. 795, 796 (1) (598 SE2d 80) (2004) (holding that evidence of possessing cocaine with intent to distribute was overwhelming when, *inter alia*, defendant was found with plastic bag of crack cocaine, bottle containing crack cocaine, and cut-up sandwich bags); *Davis v. State*, 235 Ga. App. 256, 256-57 (510 SE2d 537) (1998) (holding that evidence of possession of cocaine with intent to distribute was overwhelming when, in one instance, defendant was found with 30 small bags of crack cocaine). *Cf. Milton v. State*, 232 Ga. App. 672, 672-73, 677 (3) (503 SE2d 566) (1998) (holding that evidence of trafficking in cocaine was overwhelming when defendant was found with small packages of crack cocaine).